Jack Silver, Esq. SBN 160575
Jerry Bernhaut, Esq. SBN 206264
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel. (707) 528-8175
Fax. (707) 528-8675
Email: lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT INC., REDWOOD LANDFILL INC. and DOES 1-10, Inclusive,<br><br>Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION**<br><br>(Environmental - Clean Water Act 33 U.S.C. §1251 et seq.) |

NOW COMES Plaintiff, NORTHERN CALIFORNIA RIVER WATCH (hereafter, "PLAINTIFF") by and through its attorneys, and for its COMPLAINT against Defendants, WASTE MANAGEMENT INC., REDWOOD LANDFILL, INC. and DOES 1-10, Inclusive, (hereafter, ("REDWOOD"), states as follows:

**I. NATURE OF THE CASE**

1. This is a citizens' suit for relief brought by PLAINTIFF under the Federal Water Pollution Control Act, also known as the Clean Water Act (hereafter, "CWA"), 33 U.S.C. §1251 et seq., CWA § 505, 33 U.S.C. §1365, 33 U.S.C. § 1311, 33 U.S.C. § 1342, to stop REDWOOD from repeated and ongoing violations of the CWA. These violations are detailed

1 | in the Notice of Violations and Intent to File Suit made part of the pleadings of this case and
2 | attached hereto as EXHIBIT A (hereafter, "NOTICE").
3 | 2.    REDWOOD is routinely violating the terms and conditions of California's General
4 | Industrial Storm Water Permit for Industrial Storm Water Discharges (WDID 228S003380),
5 | National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001
6 | [State Water Resources Control Board] Water Quality Order No. 97-03-DWQ and Water
7 | Quality Order No. 91-13-DWQ (as amended by Water Quality Order 92-12-DWQ) issued
8 | pursuant to CWA § 402(p), 33 U.S.C. § 1342(p) ("General Permit"), by REDWOOD'S non-
9 | permitted discharges of contaminated storm water, its discharges of non-storm water pollutants
10 | from the landfill site identified in this Complaint and in the NOTICE, and composting operations
11 | at the landfill site identified in this Complaint and in the NOTICE, in violation of effluent
12 | limitations; and, REDWOOD'S violations of the procedural requirements of the General Permit.
13 | 3.    REDWOOD is routinely violating the CWA's prohibition of discharging a pollutant from
14 | a point source to waters of the United States without a NPDES permit, CWA § 301(a), 33 U.S.C.
15 | § 1311(a), in the course of its operation of the landfill site identified in this Complaint and in
16 | the NOTICE.    Point source discharges to United States waters occur every day due to the
17 | hydrological connection between the waste disposal site and adjacent surface waters, including
18 | San Antonio Creek, the Petaluma River and surrounding wetlands. REDWOOD is also routinely
19 | violating the Basin Plan, Environmental Protection Agency ("EPA") regulations codified in the
20 | Code of Federal Regulations, and toxics standards promulgated by the State Water Resources
21 | Control Board in the course of its operation of the landfill site identified in this Complaint and
22 | in the NOTICE
23 | 4.    PLAINTIFF seeks declaratory relief, injunctive relief to prohibit future violations, the
24 | imposition of civil penalties, and other relief for REDWOOD'S violations of the terms of its
25 | GENERAL PERMIT and violations of the CWA's prohibition of discharging a pollutant from
26 | a point source to waters of the United States without a NPDES PERMIT.
27 | 5.    Under 33 U.S.C. § 1251(e), Congress declared its goals and policies with regard to public
28 | participation in the enforcement of the CWA.  33 U.S.C. §1251(e) provides, in pertinent part:

*Public participation in the development, revision, and enforcement of any regulation, standard, effluent limitation, plan or program established by the Administrator or any State under this chapter shall be provided for, encouraged, and assisted by the Administrator and the States.*

6. REDWOOD illegally discharges to waters which are habitat for threatened or endangered species as that term is defined by the California EPA and the United States EPA.

## II. PARTIES

7. PLAINTIFF NORTHERN CALIFORNIA RIVER WATCH, is a 501(c)(3) non-profit public benefit corporation duly organized under the laws of the State of California, with headquarters, and main office located at 6741 Sebastopol Avenue, Suite 140, Sebastopol, California. PLAINTIFF is dedicated to protect, enhance and help restore the surface and subsurface waters of Northern California. PLAINTIFF's members live in Northern California including Sonoma County where the landfill site and facilities under REDWOOD'S operation and/or control are located.

8. PLAINTIFF''s members live nearby to waters affected by REDWOOD'S illegal discharges. PLAINTIFF's members have interests which are or may be adversely affected by REDWOOD's violations as set forth in this Complaint. Said members use the effected waters and effected watershed areas for domestic water, recreation, sports, fishing, swimming, hiking, photography, nature walks, religious, spiritual and shamanic practices, and the like. Furthermore, the relief sought will redress the injury in fact, likelihood of future injury and interference with the interests of said members.

9. DEFENDANT, REDWOOD LANDFILL, INC. is a private California corporation doing business in the State of California with administrative and registered offices located at 8950 Redwood Highway, Novato, California..

10. DEFENDANT WASTE MANAGEMENT, INC. Is a private corporation with corporate offices located at 1001 Fannin, suite 4000, Houston, Texas and administrative/legal offices located at 801 2nd Avenue, Seattle, Washington.

11. DEFENDANTS DOES 1 - 10, Inclusive, respectively, are persons, partnerships, corporations and entities, who are, or were, responsible for, or in some way contributed to, the

violations which are the subject of this Complaint or are, or were, responsible for the maintenance, supervision, management, operations, or insurance coverage of REDWOOD's facilities and operations as identified in this Complaint and the NOTICE. The names, identities, capacities, and functions of defendants DOES 1 - 10, Inclusive are presently unknown to PLAINTIFF. PLAINTIFF shall seek leave of court to amend this Complaint to insert the true names of said DOES defendants when the same have been ascertained.

### III. JURISDICTIONAL ALLEGATIONS

12.     Subject matter jurisdiction is conferred upon this Court by CWA § 505(a)(1), 33 U.S.C. § 1365(a)(1), which states in part that, "any citizen may commence a civil action on his own behalf against any person . . . .who is alleged to be in violation of (A) an effluent standard or limitation . . . . or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." For purposes of CWA § 505, "the term 'citizen' means a person or persons having an interest which is or may be adversely affected."

13.     Members and supporters of PLAINTIFF reside in the vicinity of, derive livelihoods from, own property near, and/or recreate on, in or near and/or otherwise use, enjoy and benefit from the waterways and associated natural resources into which REDWOOD discharges pollutants, or by which its operations adversely affect members' interests, in violation of REDWOOD's PERMITS and CWA § 301(a), 33 U.S.C. § 1311(a). The health, economic, recreational, aesthetic and environmental interests of PLAINTIFF and its members may be, have been, are being, and will continue to be adversely affected by REDWOOD's unlawful violations as alleged in this Complaint. PLAINTIFF contends there exists an injury in fact to its members, causation of that injury by the REDWOOD's complained of conduct, and a likelihood that the requested relief will redress that injury.

14.     Pursuant to CWA § 505(b)(1)(A), 33 U.S.C.§1365(b)(1)(A), PLAINTIFF gave notice of the violations alleged in this Complaint more than sixty (60) days prior to commencement of this lawsuit, to: (a) REDWOOD, (b) the United States Environmental Protection Agency, Federal and Regional, and (c) the State of California Water Resources Control Board.

//

15. Pursuant to CWA § 505(c)(3), USC § 1365(c)(3), a copy of this Complaint has been served on the United States Attorney General and the Administrator of the Federal EPA.

16. Pursuant to CWA § 505(c)(1), 33 U.S.C. § 1365(c)(1), venue lies in this District as the waste storage, composting and sludge storage, disposal and processing facilities under REDWOOD's operation and/or control, and the sites where illegal discharges occurred, which are the source of the violations complained of in this action, are located within this District.

### IV. GENERAL ALLEGATIONS

17. PLAINTIFF incorporates by reference all the foregoing including the NOTICE attached to this complaint as EXHIBIT A.

18. REDWOOD owns and/or operates a Class III landfill, composting facility and Class II temporary sludge storage, disposal and processing facility, located on approximately 600 acres in northern Marin County, California ("the FACILITIES"). The physical address of the FACILITIES is 8950 Redwood Highway North, Novato, California. The FACILITIES receive most of Marin County's waste and sludge as well as waste from numerous sites outside of Marin County. The FACILITIES discharge both directly and indirectly into the waterways referenced below.

19. All illegal discharges and activities complained of in this Complaint occur in the waterways named in the attached NOTICE, all of which are waters of the United States.

20. The Regional Water Quality Control Board has determined that the watershed areas and affected waterways identified in the NOTICE are beneficially used for drinking water, water contact recreation, non-contact water recreation, fresh water habitat, wildlife habitat, preservation of rare and endangered species, fish migration, fish spawning, industrial service supply, navigation, and sport fishing.

### V. STATUTORY AND REGULATORY BACKGROUND

21. CWA § 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a "point source" into the navigable waters of the United States, unless such discharge is in compliance with applicable effluent limitations as set by the EPA and the applicable State agency. These limits are to be incorporated into an NPDES permit for that point source specifically. Additional

sets of regulations are set forth in the Basin Plan, California Toxics Plan, the Code of Federal Regulation and other regulations promulgated by the EPA and the State Water Resources Control Board. CWA § 301(a) prohibits discharges of pollutants or activities not authorized by, or in violation of an effluent standard or limitation or an order issued by the EPA or a State with respect to such a standard or limitation including an NPDES permit issued pursuant to CWA § 402, 33 U.S.C. § 1342. The FACILITIES owned and/or operated by REDWOOD are point sources under the CWA.

22. The affected waterways detailed in this Complaint and in the attached NOTICE are navigable waters of the United States within the meaning of CWA § 502(7), 33 U.S.C. § 1362(7)

23. The Administrator of the EPA has authorized the Regional Water Quality Control Board to issue NPDES permits, subject to specified conditions and requirements, pursuant to CWA § 402, 33 U.S.C. § 1342.

24. REDWOOD has no NPDES Permit for discharging pollutants other than storm water to waters of the United States. Without a NPDES Permit, all unauthorized point source discharges to waters of the United States are illegal. The landfill site is itself a point source. Discharges from this point source via tributary groundwaters to waters of the United States, without a NPDES Permit, are illegal.

25. CWA § 402(p), 33 U.S.C. § 1342; 40 C.F.R. § 122.26, prohibits industrial storm water discharges without a permit. For storm water discharges allowed under CWA §402(p), California's General Industrial Storm Water Permit for Industrial Storm Water Discharges (WDID 228S003380), NPDES General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 97-03-DWQ and Water Quality Order No. 91-13-DWQ (as amended by Water Quality Order 92-12-DWQ) require dischargers in operation prior to October 1, 1992, to have developed and implemented a Storm Water Pollution Prevention Plan ("SWPPP"). REDWOOD was in operation prior to October 1, 1992 and continues to operate. REDWOOD has not fully developed and/or adequately implemented a SWPPP for its combined operations, as evidenced by the fact that REDWOOD has failed to eliminate non-storm water discharges from its FACILITIES.

## VI. VIOLATIONS

26.     PLAINTIFF incorporates by reference all the foregoing including the NOTICE attached to this complaint as EXHIBIT A.

27.     REDWOOD's point source discharges not regulated by a NPDES permit violated the CWA's prohibition against discharge of pollutants from a point source without a NPDES permit. The violations are established in REDWOOD's monitoring data or lack of monitoring and reporting which are necessary for REDWOOD to prove compliance with its Waste Discharge Requirements Order, as well as data sent to the Regional Water Quality Control Board by REDWOOD and data by Regional Water Quality Control Board staff recording direct observations.

28.     The enumerated violations are detailed in the NOTICE, incorporated herein by reference, and below, designating the section of the CWA violated by the described activity. The location of the discharges are the discharges points as described in the NOTICE, incorporated herein by reference, and as described in REDWOOD's SWPPP.

29.     REDWOOD's failure to comply with the terms of California's General Industrial Storm Water Permit violated the CWA's prohibition against the discharge of contaminated storm water and non-storm water pollutants. The violations are established in REDWOOD's monitoring data or lack of monitoring and reporting which are necessary for REDWOOD to prove compliance with its Waste Discharge Requirements Order, as well as data sent to the Regional Water Quality Control Board by REDWOOD and data by Regional Water Quality Control Board staff recording direct observations.

## VII. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF

**Violation of CWA  33 U.S.C. § 1251 et seq., 33 U.S.C. §§ 1342 (a) and (b), 33 U.S.C. § 1311**

**Discharge of Pollutants from Point Sources Must be Regulated by NPDES Permit**

30.     PLAINTIFF realleges and incorporates by reference the allegations of Paragraphs 1 through 29 as though fully set forth herein including all allegations in the attached NOTICE

incorporated herein by reference.

31.   **REDWOOD** has violated and continues to violate the CWA as evidenced by the discharges of pollutants from a point source without a NPDES permit in violation of CWA § 301, 33 U.S.C. § 1311.

32.   Said violations are ongoing and will continue after the filing of this Complaint. PLAINTIFF alleges herein all violations which may have occurred or will occur prior to trial, but for which data may not have been available or submitted or apparent from the face of the reports or data submitted by REDWOOD to the Regional Water Quality Control Board or to PLAINTIFF prior to the filing of this Complaint. PLAINTIFF will file additional amended complaints if necessary to address REDWOOD's State and Federal violations which may occur after the filing of this Complaint. Each of REDWOOD's violations is a separate violation of the CWA.

33.   PLAINTIFF avers and believes and on such belief alleges that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, REDWOOD will continue to violate the CWA as well as State and Federal standards with respect to the enumerated discharges and releases. PLAINTIFF avers and believes and on such belief alleges that the relief requested in this Complaint will redress the injury to PLAINTIFF and its members, prevent future injury, and protect the interests of its members which are or may be adversely affected by REDWOOD's violations of the CWA, as well as other State and Federal standards.

**B. SECOND CLAIM FOR RELIEF**

   **Violation of CWA , 33 U.S.C. § 1342(p); 40 C.F.R. § 122.26**

   **Discharger Must Comply With California's General Industrial Storm Water Permit**

34.   PLAINTIFF realleges and incorporates by reference the allegations of Paragraphs 1 through 33 as though fully set forth herein including all allegations in the attached NOTICE and incorporated herein by reference.

35.   REDWOOD has violated and continues to violate the CWA as evidenced by the violations of California's General Industrial Storm Water Permit. By law and by the terms of California's General Industrial Storm Water Permit, which REDWOOD has not objected to,

violations of California's General Industrial Storm Water Permit are violations of the CWA. (See 40 C.F.R. § 122.41(a)).

36. REDWOOD's violations are ongoing, and will continue after the filing of this Complaint. PLAINTIFF alleges all violations which may have occurred or will occur prior to trial, but for which data may not have been available or submitted or apparent from the face of the reports or data submitted by REDWOOD to the Regional Water Quality Control Board or to PLAINTIFF prior to the filing of this Complaint. PLAINTIFF will file additional amended complaints if necessary to address State and Federal violations of California' General Industrial Storm Water Permit which may occur after the filing of this Complaint. Each of REDWOOD's violations in excess of its PERMIT limits or State and Federal standards has been and is a separate violation of the CWA. REDWOOD has violated and continues to violate an "effluent standard or limitation" under CWA § 505(a)(1), 33 U.S.C. § 1342(p); 40 C.F.R. § 122.26, or an order issued by the State with respect to such a standard or limitation.

37. PLAINTIFF avers and believes and on such belief alleges that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, REDWOOD will continue to violate California's General Industrial Storm Water Permit as well as State and Federal standards with respect to the enumerated discharges and releases. PLAINTIFF avers and believes and on such belief alleges that the relief requested in this Complaint will redress the injury to PLAINTIFF and its members, prevent future injury, and protect the interests of its members which are or may be adversely affected by REDWOOD's violations of California's General Industrial Storm Water Permit, State and Federal standards.

**VIII. RELIEF REQUESTED**

WHEREFORE, PLAINTIFF prays that the Court grant the following relief:

38. Declare REDWOOD to have violated and to be in violation of the CWA;

39. Issue an injunction ordering REDWOOD to immediately operate its FACILITIES in compliance with the CWA and applicable effluent and receiving water limitations in California's General Industrial Storm Water Permit, as well as State and Federal standards;

//

Complaint for Injunctive Relief                    9

40. Order REDWOOD to pay civil penalties per violation per day for its violations of the CWA;

41. Order REDWOOD to pay PLAINTIFF's reasonable attorneys' fees and costs (including expert witness fees), as provided by 33 U.S.C. § 1365(d) and applicable California law; and,

42. Grant such other and further relief as may be just and proper.

DATED: September 28, 2007

*Jerry Bernhaut*
JERRY BERNHAUT
Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH