John Lynn Smith (SBN 154657)
Email:  jlsmith@reedsmith.com
Eric M. McLaughlin (SBN 200867)
Email:  emclaughlin@reedsmith.com
Joonsik Maing (SBN 240927)
Email:  jmaing@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA  94604-2084

Telephone:     +1 510 763 2000
Facsimile:      +1 510 273 8832

Attorneys for Defendant
REDWOOD LANDFILL, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE MANAGEMENT INC., REDWOOD LANDFILL, INC. and DOES 1-10, inclusive,<br><br>Defendants. | No.: C-07-5058 WHA<br><br>**DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Compl. Filed:     October 1, 2007<br><br>Honorable William Alsup |

Defendant Redwood Landfill, Inc. ("Defendant") answers the Complaint for Injunctive Relief, Civil Penalties, Restitution and Remediation ("Complaint") filed in this action by plaintiff Northern California River Watch ("Plaintiff") on October 1, 2007 as follows:

**PRELIMINARY STATEMENT**

To the extent the titles and headings inserted by Plaintiff at various points in the Complaint are intended to make or infer claims or allegations against Defendant, they are denied.

**NATURE OF THE CASE**

1.      Answering Paragraph 1 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant admits that Plaintiff seeks the relief specified, but denies that Plaintiff has any valid claim against Defendant, denies that Defendant violated or is violating the Federal Water Pollution Control Act ("Clean Water Act"), and denies that Plaintiff is entitled to any relief against Defendant.  Defendant states that the Notice of Violations and Intent to File Suit ("Notice") attached as Exhibit A to the Complaint speaks for itself.  Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2.      Answering Paragraph 2 of the Complaint, Defendant denies the allegations of Paragraph 2 of the Complaint.

3.      Answering Paragraph 3 of the Complaint, Defendant denies the allegations of Paragraph 3 of the Complaint.

4.      Answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff seeks the relief specified, but denies that Plaintiff has any valid claim against Defendant, denies that Defendant violated or is violating the terms of the "GENERAL PERMIT" or the Clean Water Act, and denies that Plaintiff is entitled to any relief against Defendant.  Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION

1   5.      Answering Paragraph 5 of the Complaint, Defendant states that 33 United States

2   Code section 1251(e) speaks for itself.

3

4   6.      Answering Paragraph 6 of the Complaint, Defendant denies the allegations therein.

5

6                                              **PARTIES**

7

8   7.      Answering Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge or

9   information to form a belief as to the truth of the allegations therein and, on that basis, denies those

10  allegations.

11

12  8.      Answering Paragraph 8 of the Complaint, Defendant denies that Plaintiff has any

13  valid claim against Defendant, denies that Defendant produced or is producing illegal discharges,

14  denies that Defendant committed or is committing any of the violations alleged in the Complaint,

15  denies that Plaintiff's members suffered an injury in fact, and denies that Plaintiff is entitled to any

16  relief against Defendant.  As to the remaining allegations of Paragraph 8 of the Complaint,

17  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations

18  therein and, on that basis, denies those allegations.

19

20  9.      Answering Paragraph 9 of the Complaint, Defendant denies that it is a California

21  corporation and states that it is a subsidiary of a public corporation.  Defendant admits that it does

22  business in the State of California with administrative and registered offices at 8950 Redwood

23  Highway, Novato, California.

24

25  10.     Answering Paragraph 10 of the Complaint, Defendant states that Plaintiff voluntarily

26  dismissed defendant Waste Management, Inc. from this action on October 31, 2007.  See Stipulation

27  of Dismissal Regarding Defendant Waste Management, Inc., Docket Document 7.  Therefore,

28  Defendant is not required to respond to the allegations of Paragraph 10 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

C-07-5058 WHA                              – 3 –

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL
PENALTIES, RESTITUTION AND REMEDIATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11.     Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and, on that basis, denies those allegations, and further denies any liability from any wrongdoing alleged in Paragraph 11 of the Complaint.

## JURISDICTIONAL ALLEGATIONS

12.     Answering Paragraph 12 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant also states that 33 United States Code section 1365 speaks for itself.

13.     Answering Paragraph 13 of the Complaint, Defendant denies that Plaintiff has any valid claim against Defendant, denies that Defendant violated or is violating its "PERMITS" or the Clean Water Act, denies that Plaintiff's members suffered an injury in fact or that any such injury, if any, was caused by Defendant, and denies that Plaintiff is entitled to any relief against Defendant. As to the remaining allegations of Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and, on that basis, denies those allegations.

14.     Answering Paragraph 14 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant denies that it committed or is committing any of the violations alleged in the Complaint and denies that Plaintiff satisfied the notice requirements under 33 United States Code section 1365(b)(1)(A).  As to the remaining allegations of Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and, on that basis, denies those allegations.

15.     Answering Paragraph 15 of the Complaint, to the extent Paragraph 15 sets forth allegations of fact, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and, on that basis, denies those allegations.

16.     Answering Paragraph 16 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant admits that its facilities are located in the Northern District of California.  Defendant denies that its facilities were or are the source of the alleged illegal discharges or the alleged violations set forth in the Complaint.

## **GENERAL ALLEGATIONS**

17.     Answering Paragraph 17 of the Complaint, Defendant realleges and reasserts all its responses in Paragraphs 1 through 16 and incorporates them herein by reference.

18.     Answering Paragraph 18 of the Complaint, Defendant admits that it owns and operates a Class III landfill, composting facility and Class II temporary sludge storage, disposal and processing facility, located on approximately 600 acres in Marin County, California.  Defendant admits that its facilities are located at 8950 Redwood Highway, Novato, California and admits that it receives most of Marin County's waste and sludge as well as waste from numerous sites outside of Marin County.  Defendant denies that its facilities discharge indirectly or directly into any waterways referenced in the Complaint.

19.     Answering Paragraph 19 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant denies the remaining allegations of Paragraph 19 of the Complaint.

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

20.     Answering Paragraph 20 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations therein and, on that basis, denies those allegations.

## STATUTORY AND REGULATORY BACKGROUND

21.     Answering Paragraph 21 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant states that the statute and regulation sections identified in Paragraph 21 of the Complaint speak for themselves.  To the extent Paragraph 21 contains factual allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies those allegations.

22.     Answering Paragraph 22 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant states that the statute section identified in Paragraph 22 of the Complaint speaks for itself.  To the extent Paragraph 22 contains factual allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies those allegations.

23.     Answering Paragraph 23 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant further states that the statute section identified in Paragraph 23 of the Complaint speaks for itself.

24.     Answering Paragraph 24 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant denies that it is violating any applicable permit, and denies that it illegally discharged or is discharging pollutants from a point source.  Defendant denies the remaining allegations of Paragraph 24 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

25.     Answering Paragraph 25 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant further states that the statute and regulation sections, permits, and orders identified in Paragraph 25 of the Complaint speak for themselves.  Defendant admits that its facilities were in operation prior to October 1, 1992 and admits that its facilities continue to operate.  Defendant denies the remaining allegations of Paragraph 25 of the Complaint.

## **VIOLATIONS**

26.     Answering Paragraph 26 of the Complaint, Defendant realleges and reasserts its responses in Paragraphs 1 through 25 and incorporates them herein by reference.

27.     Answering Paragraph 27 of the Complaint, to the extent it states conclusions of law, no responses is required.  Defendant states that its Waste Discharge Requirements Order, its monitoring reports, data Defendant sent to the Regional Water Quality Control Board ("RWQCB"), and data from the RWQCB speak for themselves.  Defendant denies that it produced any point source discharges of pollutants that violated the Clean Water Act and denies that it is producing any point source discharges of pollutants that violate the Clean Water Act.  Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28.     Answering Paragraph 28 of the Complaint, to the extent it states conclusions of law, no response is required.  Defendant states that the Notice and Defendant's Storm Water Pollution Prevention Plan ("SWPPP") speak for themselves.  Defendant denies that any of its activities violated or are violating the Clean Water Act, denies that Defendant produced any point source discharges that violated the Clean Water Act and denies that Defendant is producing any point source discharges that violate the Clean Water Act.  Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION

29.     Answering Paragraph 29 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant states that California's General Industrial Storm Water Permit, Defendant's monitoring reports, Defendant's Waste Discharge Requirements Order, data sent by Defendant to the RWQCB, and data from the RWQCB speak for themselves. Defendant denies the remaining allegations of Paragraph 29 of the Complaint, and in particular denies that data alleged in Paragraph 29 establishes failure to comply with any particular permit or with the Clean Water Act.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

30.     Answering Paragraph 30 of the Complaint, Defendant realleges and reasserts its responses in Paragraphs 1 through 29 and incorporates them herein by reference.

31.     Answering Paragraph 31 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies the remaining allegation of Paragraph 31 of the Complaint.

32.     Answering Paragraph 32 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies that is has violated or is violating the Clean Water Act. Defendant is without sufficient knowledge or information to a form a belief as to the truth of the allegation that Plaintiff intends to file amended complaints and, on that basis, denies that allegation. Defendant denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Answering Paragraph 33 of the Complaint, Defendant denies that Plaintiff has any valid claim against Defendant, denies that Defendant has violated or is violating the Clean Water Act or state or federal standards, denies that Plaintiff or any of Plaintiff's members suffered an injury in fact or that such injury, if any, was caused by Defendant, and denies that Plaintiff or any of

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiff's members are entitled to any relief against Defendant. As to the remaining allegations of Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

## SECOND CLAIM FOR RELIEF

34.     Answering Paragraph 34 of the Complaint, Defendant realleges and reasserts its responses in Paragraphs 1 through 33 and incorporates them herein by reference.

35.     Answering Paragraph 35 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies that it violated or is violating the Clean Water Act or California's General Industrial Storm Water Permit. Defendant states that California's General Industrial Storm Water Permit and 40 Code of Federal Regulations section 122.41(a) speak for themselves.

36.     Answering Paragraph 36 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies that it violated or is violating the Clean Water Act. Defendant denies that it violated or is violating an "effluent standard or limitation" under the Clean Water Act, 33 United States Code section 1342(p), 40 Code of Federal Regulations section 122.26, or any order issued by the State of California with respect to an "effluent standard or limitation." Defendant is without sufficient knowledge or information to a form a belief as to the truth of the allegation that Plaintiff intends to file amended complaints and, on that basis, denies that allegation. Defendant denies the remaining allegations of Paragraph 26 of the Complaint.

37.     Answering Paragraph 37 of the Complaint, Defendant denies that Plaintiff has any valid claim against Defendant, denies that Defendant violated or is violating California's General Industrial Storm Water Permit or state or federal standards, denies that Plaintiff or any of Plaintiff's members suffered an injury in fact or that such injury, if any, was caused by Defendant, and denies

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION

1   that Plaintiff is entitled to any relief against Defendant.  As to the remaining allegations of Paragraph

2   37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to

3   the truth of those allegations and, on that basis, denies them.

4

5                                    **RELIEF REQUESTED**

6

7           38.     Answering Paragraph 38 of the Complaint, Defendant denies that it violated or is

8   violating the Clean Water Act and denies that Plaintiff is entitled to a declaration stating that

9   Defendant violated or is violating the Clean Water Act.

10

11          39.     Answering Paragraph 39 of the Complaint, Defendant denies that it violated or is

12  violating the Clean Water Act or any effluent or receiving water limitations in California's General

13  Industrial Storm Water Permit, state standards, or federal standards, and denies that Plaintiff is

14  entitled to injunctive relief.

15

16          40.     Answering Paragraph 40 of the Complaint, Defendant denies that it violated or is

17  violating the Clean Water Act and denies that Plaintiff is entitled to any relief against Defendant,

18  including civil penalties.

19

20          41.     Answering Paragraph 41 of Complaint, Defendant denies that Plaintiff is entitled to

21  attorneys' fees, costs or expert witness fees under 33 United States Code section 1365(d) or

22  California law.

23

24          42.     Answering Paragraph 42 of the Complaint, Defendant denies that Plaintiff is entitled

25  to any relief.

26

27

28

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL
PENALTIES, RESTITUTION AND REMEDIATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## **AFFIRMATIVE DEFENSES**

Defendant, while reserving the right to assert other affirmative defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiff, asserts the following separate and independent affirmative defenses in further opposition to the Complaint:

1.    The Complaint, and each and every cause of action therein, fails to state a claim upon which relief can be granted.

2.    Plaintiff has failed to comply with the Clean Water Act's mandatory 60-day notice requirements.  Therefore, the Court lacks subject mater jurisdiction over the claims in the Complaint.

3.    Plaintiff lacks standing to raise the claims alleged in the Complaint.

4.    Plaintiff's claims are not ripe for adjudication.

5.    Defendant is not responsible under the Clean Water Act for pollutants discharged or otherwise added to the navigable waters of the United States by sources other than itself.

6.    The equitable remedies sought by Plaintiff are outweighed by other significant equitable interests and therefore, on balance, must be denied.

7.    Plaintiff's claims are barred because Defendant is in compliance with all state and federal laws with respect to issues relating to water quality.

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL
PENALTIES, RESTITUTION AND REMEDIATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

8.      The injuries alleged by Plaintiff, which Defendant denies, were not caused or contributed to by Defendant and, therefore, Defendant is not responsible for those alleged injuries, if any.

9.      The Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations.

10.      The Complaint, and each and every cause of action therein, is barred by the doctrine of laches.

11.      The Complaint, and each and every cause of action therein, is barred by the doctrine of waiver.

12.      The Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

13.      The Complaint, and each and every cause of action therein, is barred because the alleged unlawful discharges from Defendant's facilities, which Defendant denies, are not ongoing violations of the Clean Water Act and, therefore, not subject to suit pursuant to *Gwaltney of Smithfield v. Chesapeake Foundation*, 484 U.S. 49 (1987).

14.      The Complaint, and each and every cause of action therein, is barred for failure to exhaust administrative remedies.

15.      The Complaint, and each and every cause of action therein, is barred as a collateral attack on Defendant's Waste Discharge Requirements.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION

16. Defendant is not liable for any acts or omissions, directed or ratified by local, state or federal authorities, including, but not limited to, acts or omissions made in accordance with permits, regulations, orders, requirements, ordinances, statutes, and laws applicable at the time of such acts or omissions. Defendant's actions were performed in compliance with and under express regulatory approval of local, state or federal authorities.

17. Defendant alleges that at all times it acted reasonably and under a good faith belief that its actions and the actions of its agents were lawful and proper under the circumstances, including, but not limited to, compliance with the Clean Water Act and California's General Industrial Storm Water Permit. Defendant has at all times acted in good faith to fulfill the requirements of the Clean Water Act and the California's General Industrial Storm Water Permit, and has taken steps to implement all applicable provisions thereof. Specifically, Defendant has adopted and implemented a SWPPP, implemented best management practices, and a monitoring and reporting plan adequate to achieve compliance with the Clean Water Act and California's General Industrial Storm Water Permit.

18. Defendant is informed and believes and thereupon alleges that the Complaint was filed against Defendant without reasonable cause and not in good faith, and that Defendant is entitled to reasonable attorneys' fees and costs pursuant to 33 United States Code section 1365(d).

WHEREFORE, having fully answered and defended, Defendant demands trial by jury on all issues so triable, and prays that the Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Enter judgment in favor of Defendant on all claims;

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    3.    Award Defendant reasonable attorneys' fees and costs incurred in defending this

2 action; and

3

4    4.    Grant Defendant such other and further relief as the Court deems just and proper.

5

6    DATED:  December 31, 2007.

7                                    REED SMITH LLP

8

9                    By ____/s/ _John Lynn Smith_____
                          John Lynn Smith
10                        Eric M. McLaughlin
                          Joonsik Maing
11                        Attorneys for Defendant
                          Redwood Landfill, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL
PENALTIES, RESTITUTION AND REMEDIATION