Jack Silver, Esq. SBN 160575
Law Office of Jack Silver
Jerry Bernhaut, Esq. SBN 206264
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel. (707) 528-8175
Fax: (707) 542-7139
lhm28843@sbcglobal.net

Attorneys for Plaintiff
Northern California River Watch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation,<br><br>            Plaintiff,<br>   v.<br><br>WASTE MANAGEMENT, INC., REDWOOD LANDFILL INC., and DOES 1-10, Inclusive,<br><br>            Defendants. | **CASE NO. C07-05058 WHA**<br><br>MOTION TO EXTEND TIME FOR FACT DISCOVERY<br>[L. CIV. R. 6-3]<br><br>Ctrm:    9, 19th floor<br>Judge:  Hon. Wm. H. Alsup |

## INTRODUCTION

Pursuant to Local Rule 6-3, Plaintiff Northern California River Watch hereby moves the Court to extend the period for fact discovery in the above-referenced action for a period of ninety (90) days. An extension of time for fact discovery is necessary to ensure Plaintiff has sufficient time to obtain to critical sampling data regarding whether pollutants from defendant Redwood Landfill are released into and impacting nearby surface waters, and to allow sufficient time for analysis and review of that sampling data.

## ARGUMENT

**I.    Reason For Requested Extension of Time**

Plaintiff seeks a modification of the discovery schedule for a period of ninety (90) days to allow for sufficient time to conduct discovery. As discussed more fully below and verified in the attached

declarations from Plaintiff's experts, the requested extension allows Plaintiff to be able to take "first flush" samples which can only be taken after the first substantial rains which cause runoff. The first flush samples can only be taken once Plaintiff has access to defendant's property in order to take concomitant sampling from the subject property and ponds adjacent to the San Antonio Creek.

### A. Deadline For Fact Discovery Should be Changed To Allow For "First Flush" Sampling

1. This is a complex environmental case involving a large landfill seeking approval of plans to expand its operations when the environmental impacts of its current operations, the subject of the instant action, are of great concern to the general public, including members of Plaintiff Northern California River Watch. The proposal to expand landfill operations has generated a lengthy initial Environmental Impact Report, withdrawn after much public opposition and comment, and a pending subsequent Environmental Impact Report.

2. Plaintiff served Defendants Waste Management, Inc. and Redwood Landfill, Inc. with a Notice of Violations and Intent To File Suit under the Clean Water Act ("CWA") on February 6, 2007. Plaintiff's Notice alleged violations of the terms of California' General Industrial Storm Water Permit and violation of the CWA's prohibition against the discharge of a pollutant from a point source to waters of the United States without a NPDES Permit, resulting in the contamination of waters surrounding the Redwood Landfill, including San Antonio Creek, a tributary of the Petaluma River, a navigable waterway and therefore a United States waters under the CWA.

3. During the required 60-day notice period under the CWA, Plaintiff met with Defendants to discuss the possibility of resolving Plaintiff's concerns without the need for litigation. Plaintiff suggested mediation, but after preliminary discussion between the parties' attorneys regarding the likely terms of a settlement discussion, specifically Plaintiff's interest in Defendants agreeing to a regime of water quality sampling of surface and ground water adjacent to the Landfill site, Defendants declined to participate in mediation. Plaintiff filed its CWA Complaint against Defendants on October 1, 2007, after the expiration of the 60-day notice period, alleging the violations detailed in the aforementioned Notice. Defendant Waste Management, Inc. was thereafter dismissed as a party defendant.

4. Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction based on the alleged inadequacy of information in Plaintiff's CWA Notice regarding Plaintiff's allegations that Defendants violated the terms of their General Storm Water Permit and that Defendants discharge pollutants from a point source to United States waters in the absence of a NPDES Permit.  Defendants' Motion was heard before the Court, with oral argument, on December 20, 2007. On December 21, 2007, the Court issued an Order dismissing Defendants' Motion in its entirety. On December 21, 2007, the Court also issued a Case Management Order, without a Case Management Conference, including the discovery schedule which for which Plaintiff respectfully requests an extension.

5. The gravamen of this case is the determination, to the greatest degree of accuracy reasonably possible, as to whether pollutants from Redwood Landfill are released into nearby surface waters, including San Antonio Creek and the Petaluma River.

6.  It is widely agreed among experts in water quality testing that a crucial point in time for sampling to determine the impacts of potential sources of pollution on nearby surface waters is the time of year after the first significant rainfall of the wet season, generally known as "first flush", has saturated the soil so that subsequent rainfall is likely to create runoff.  The first significant rainfall of the wet season in the area where the Redwood Landfill is located generally occurs in November or December. During the generally dry period from April until the first rains, contaminants accumulate in land and water at the Redwood Landfill facilities. The time when sampling is most likely to reveal local offsite deposits of contaminants in nearby waters is after the first significant rainfall, when subsequent rainfall washes the accumulated pollutants from surfaces at the Redwood Landfill.  When runoff actually occurs depends on the intensity of the first heavy rains and how quickly the soil becomes saturated. Therefore, the first heavy rains and storms shortly thereafter are crucial times to sample nearby waters to determine whether, as Defendant Redwood Landfill claims, its leachate collection and recovery system is effective in containing pollutants within the boundaries of the Landfill Site.

7. In light of the importance of sampling nearby waters after the first significant rains, as attested by the attached declarations of Dr. Larry Russell and Mark Valentini, both recognized water quality and hydrology experts, the interests of justice are best served by extending the deadlines for non-

expert discovery and opening expert reports to approximately ninety (90) days beyond the **September 26, 2008** date designated in the court's Case Management Order, in order to provide sufficient time for sampling after the first rains as well as time for experts to review the sampling data and submit reports based on their findings.

8. Plaintiff has been diligently pursuing discovery in this case. Formal discovery was propounded to Defendant on January 18, 2008, including a Request For Production Of Documents, Request For Entity Deposition and Request For Premises Inspection and site visit. Plaintiff will perform some initial water quality sampling during the site visit, which is tentatively scheduled for February 11, 2008. Plaintiff has been unable to perform sampling prior to propounding formal discovery because of the need for access to sampling sites which are on Defendant's property or adjacent to and accessible only through Defendant's property.

9. The parties are pursuing mediation. A mediation session has been scheduled for March 19, 2008, with Martin Quinn of JAMS acting as mediator. The parties believe there is a reasonable likelihood that this case will be settled in mediation. In the meantime, Plaintiff will continue to diligently pursue discovery of all relevant information.

**II.  Efforts Made to Obtain Stipulation to Extension of Time**

On January 10, 2008, Plaintiff sent counsel for Redwood Landfill a proposed Stipulation as to the above-requested extension of fact discovery. On January 14, 2008, defendant's attorney John L. Smith responded by e-mail to Plaintiff's attorney Jerry Bernhaut that Redwood Landfill saw no need for the proposed extension and declined to so stipulate.

**III.  There Have Been No Previous Time Modifications/Requests**

There have been no previous requests by any party for a modification of the Court's Case Management Order

**IV.  The Effect of the Requested Extension of Time on the Schedule for the Case**

The extension of ninety (90) days requested by Plaintiff would extend the cut-off date for non-expert discovery and the last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof("opening reports"), now set as September 26, 2008 in the court's Case Management Order, to December 26, 2008. This extension

would also result in the extension of all subsequent deadlines for an equivalent of ninety (90) days, so that disclosure of opposition reports will be due within FOURTEEN CALENDAR DAYS after December 26, 2008, and disclosure of reply reports will be due within SEVEN CALENDAR DAYS THEREAFTER. The cutoff for all expert discovery will be FOURTEEN CALENDAR DAYS after the deadline for reply reports. It will also result in the extension of the deadline for the parties to serve a list of issues for expert testimony to 28 CALENDAR DAYS before December 26, 2008, the extended due date for opening reports. The date for FINAL PRETRIAL CONFERENCE shall be extended to approximately APRIL 12, 2009 and the date for a JURY TRIAL shall be extended to approximately APRIL 26, 2009.

## **CONCLUSION**

Accordingly, and for the reasons stated above and for good cause shown, Plaintiff respectfully requests that the following schedule be adopted:

1. Cut off date for non- expert discovery and last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) ("opening reports") - **December 26, 2008**
2. Disclosure of "opposition reports" - **Fourteen Calendar Days after December 26, 2008**
3. Disclosure of reply reports - **Seven Calendar Days Thereafter.**
4. Cutoff for all expert discovery - **Fourteen Calendar Days** after the deadline for reply reports.
5. Last day to serve list of issues for expert testimony - **28 Calendar Days Before December 26, 2008.**
6. Final Pretrial Conference - approximately **April 12, 2009**
7. July Trial - approximately **April 26, 2009**

DATED: January 29, 2008                    /s/ Jerry Bernhaut
                                           JERRY BERNHAUT
                                           Attorney for Plaintiff
                                           NORTHERN CALIFORNIA RIVER WATCH