Jack Silver, Esq. SBN  160575
Jerry Bernhaut, Esq. SBN 206264
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.     (707) 528-8175
Fax.        (707) 528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>     Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC., REDWOOD LANDFILL, INC. and DOES 1-10, Inclusive,<br><br>     Defendants.<br>_____ / | **CASE NO.   C07-05058 WHA**<br><br>DECLARATION OF JERRY BERNHAUT IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR FACT DISCOVERY<br><br>Ctrm:        9, 19th floor<br>Judge:       Hon. Wm. H. Alsup |

I, Jerry Bernhaut, declare as follows:

1. I have personal knowledge of the facts stated herein and if called upon to testify about them, I could do so competently under oath.

2. I am an attorney, licensed to practice in the State of California. I am attorney of record representing Plaintiff, Northern California River Watch in this action.

3. The extension of fact discovery requested in Plaintiff's Motion is necessary in order to enable Plaintiff to obtain the most complete and accurate information regarding the environmental impacts of Redwood Landfill on nearby waters. Plaintiff's experts, who are two of the most widely respected authorities on hydrology and water quality, have assured both me and co-counsel for River Watch, Jack Silver, that it is critical to conduct sampling of waters near the Redwood Landfill

1 during the period following the first heavy rains of the wet season in order to accurately determine whether or not pollutants are being released from the Landfill in violation of the Clean Water Act. It is for this reason only that Plaintiff moves the Court to extend fact discovery for a period of ninety (90) days, so as to provide sufficient time to perform the necessary sampling, submit the samples to a laboratory for analysis, and have experts for all parties submit their opinions based on the results.

4. I drafted a proposed Stipulation with regard to the ninety day extension of fact discovery, which was sent by facsimile to John L. Smith, Attorney for defendant Redwood Landfill, on January 10, 2008. Both by telephone conversation and by email, Mr. Smith conveyed to me that Redwood Landfill had no interest in stipulating to the proposed extension of fact discovery.

5. Plaintiff will suffer substantial prejudice if it is not able to perform sampling of waters nearby to the Redwood Landfill during the period covered by the requested extension, because that period after the first heavy rains, known as "first flush", is the time when sampling is most likely to disclose the release of pollutants from the Landfill to nearby waters. Sampling taken after the rains have saturated the soil and runoff has occurred, will provide the most accurate information regarding the effectiveness of Redwood Landfill's storm water pollution prevention measures and leachate collection and recovery system in containing pollutants within the Landfill site.

6. There have been no previous time modifications in this case.

7. The effect of the requested time modification will be to extend the period for fact discovery in the above referenced action for ninety (90) days, so that the cut-off date for non-expert discovery and the last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports"), both dates set as **September 26, 2008** in the Court's Case Management Order, shall be extended to **December 26, 2008.** This extension will result in the extension of all subsequent deadlines for an equivalent ninety (90) days so that disclosure of opposition reports will be due within **fourteen days after December 26, 2008**, and disclosure of reply reports will be due within **seven calendar days thereafter** The cutoff for all expert discovery will be **fourteen calendar days** after the deadline for reply reports. It

1  will also result in the extension of the deadline for the parties to serve a list of issues for expert testimony to **28 calendar days** before **December 26, 2008**, the extended due date for opening reports. The date for **final pre trial conference** shall be extended to approximately **APRIL 12, 2009** and the date for a **jury trial** shall be extended to approximately **APRIL 26, 2009.**

8.   Plaintiff is currently pursuing discovery, including a Request for Production of Documents, an Entity Deposition and an inspection of defendant's site and premises during which initial water quality sampling will be performed. Sampling prior to formal discovery has not been possible because the necessary sampling sites are located on defendant's property, or require access through defendant's property.

9.   The parties have scheduled a mediation session to be conducted by Martin Quinn of JAMS, on March 19, 2008. There is a reasonable expectation, although by no means certainty, that the parties will be able to reach a final settlement in the course of mediation. In the interim, Plaintiff will diligently pursue all available means of discovery.

10.   Counsel for Plaintiff appreciates the Court's interest in an expedited schedule. However, in light of the substantial prejudice Plaintiff will suffer without the ability to have first flush sampling results considered as part of the basis for expert opinion, as detailed above and in the accompanying Declarations and Motion, I respectfully request the Court to grant the requested extension of time.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct of my own knowledge and as to those matters stated on information and belief, I belief them to be true.

Executed this 29th day of January, 2008 at Santa Rosa, California.

                                  /s/ Jerry Bernhaut
                                  JERRY BERNHAUT

C07-05058 WHA
DECLARATION OF JERRY BERNHAUT                          3