Jack Silver, Esq. SBN 160575
Jerry Bernhaut, Esq. SBN 206264
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.   (707) 528-8175
Fax.   (707) 528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC., REDWOOD LANDFILL, INC. and DOES 1-10, Inclusive,<br><br>Defendants. | **CASE NO. C08-01686 SI**<br><br>ADMINISTRATIVE MOTION OF PLAINTIFF TO CONSIDER WHETHER CASES SHOULD BE RELATED<br>[Civ. L.R. 3-12, 7-1 |
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation<br><br>Plaintiff,<br><br>v.<br><br>REDWOOD LANDFILL, INC., and DOES 1 - 10, Inclusive,<br><br>Defendants / | **CASE NO: C07-05058 WHA** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Civil Local Rule 3-12 and 7-11, Plaintiff hereby files this Administrative Motion to Consider Whether Cases Should be Related to consider whether the subsequently filed case of *Northern California River Watch v . Waste Management, Inc., Redwood Landfill, Inc., et al* No. C08-01686 SI, filed on March 27, 2008 , should be related to the pending case of *Northern California River Watch v. Redwood Landfill, Inc., et al* No. C07-05058 WHA.

C07-05058 WHA / C08-01686 SI
Administrative Motion of Plaintiff to Consider Whether Cases Should Be Related         1

**I.   ACTION REQUESTED**

An order pursuant to Civil Local Rule 3-12 relating Case No. C08-01686 SI to C07-05058 WHA.

**II.   REASONS SUPPORTING THE REQUEST**

Civil Local Rule 3-12 provides the applicable standard: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Both criteria are met here.

Both cases involve substantially the same parties, transactions and events. If the cases are conducted before different Judges, there will likely be a burdensome duplication of labor and expense, as well as the potential for conflicting results.

**A.   The cases involve substantially the same parties and events.**

**1.   Titles and case numbers.**

- NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation, Plaintiff, vs. REDWOOD LANDFILL, INC., and DOES 1 - 10, Inclusive, Defendants, No. C07-05058 WHA.

- NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation, Plaintiff, vs. WASTE MANAGEMENT, INC., REDWOOD LANDFILL, INC., and DOES 1-10, Inclusive, Defendants, No. C08-01686 SI

**2.   Parties**

Plaintiff is exactly the same in both cases.

Defendant REDWOOD LANDFILL, INC., is the same in both cases. Defendant WASTE MANAGEMENT, INC., was a defendant in the former action, and later dismissed voluntarily.

**3.   Same Transactions and Events**

The actions are related in that plaintiff is the same in both actions and they arise from the same set of operative facts. Both cases involve allegations of violations of defendants on the real property landfill site located in Marin County, California. The first action concerns violations of the Clean Water Act. The latter action concerns allegations of the Resource Conservation and Recovery Act. The witnesses are the same and most of the discoverable and relevant documents are the same. Plaintiff believes that assignment of these actions to a single court will likely effect a substantial savings of

1  judicial effort and duplication of labor if the actions were heard by different Judges or Magistrate judges.
2  The parties will also avoid the chance of inconsistent rulings if these matters are handled by the same
3  judge.

4      Plaintiff in both cases seeks a declaratory judgment that defendants have violated the Clean
5  Water Act and the Resource Conservation and Recovery Act, an injunction order requiring defendants
6  to comply with the substantive and procedural requirements of those statutes.

7      The latter Complaint was filed as the Case Management Order issued in C07-05058 WHA
8  precluded the filing of any further amendments to that Complaint after January 25, 2008.

9  **4.   Relating Cases Will conserve Judicial Resources and Avoid Inconsistent Results**

10      The Honorable William H. Alsup has presided over Case No. C07-05058 WHA since the filing
11  of the initial Complaint on October 1, 2007.  The matter has not been actively litigated .  The Court
12  has heard a Motion to Dismiss.   Dispositive motions are to be set for hearing no later than December
13  11, 2008. Given Judge Alsup's extensive familiarity with the facts and complex legal issues presented
14  in Case No. C07-05058 WHA, Judge Alsup  is best situated to preside over Case No. C08-01686 SI
15  as well as to avoid the "unduly burdensome duplication of labor and expense" and the prospect of
16  "conflicting results."  L.R. 3-12(a)(2).

17  **III.   CONCLUSION**

18      For the foregoing reasons, Plaintiff requests that Case. No. C08-01686 SI be related to C07-
19  05058 WHA pursuant to Civil L.R. 3-12.

21  DATED: March 31, 2008         /s/ Jerry Bernhaut
                                      JERRY BERNHAUT
22                                        Attorney for Plaintiff
                                      NORTHERN CALIFORNIA RIVER WATCH