John Lynn Smith (SBN 154657)
(E-Mail: jlsmith@reedsmith.com)
Julia C. Butler (SBN 199133)
(E-Mail: jbutler@reedsmith.com)
Joonsik Maing (SBN 240927)
(Email: jmaing@reedsmith.com)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:    +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant
REDWOOD LANDFILL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>REDWOOD LANDFILL INC. and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | No.: C-07-5058 WHA<br><br>**DEFENDANT REDWOOD LANDFILL, INC.'S REQUEST TO STAY FORMAL DISCOVERY AND CONTINUE PRETRIAL DEADLINES AND TRIAL DATE**<br><br>Honorable William Alsup |

　　　　Defendant Redwood Landfill, Inc. ("RLI") respectfully requests that this Court stay formal discovery for sixty (60) days and continue all pretrial deadlines and the trial date in this case for at least sixty (60) days. As explained below, good cause exists for this short continuance.

　　　　On October 1, 2007, plaintiff Northern California River Watch ("River Watch") sued RLI under the Clean Water Act primarily alleging that RLI had violated certain of its permits and was allowing unauthorized discharges of pollutants. RLI denies River Watch's claims. On December 20, 2007, River Watch and RLI (collectively, "Parties") stipulated to mediate this case before a JAMS mediator. Stipulation and [Proposed] Order Selecting ADR Process (Docket Document No.

27). Subsequently, the Parties chose Martin Quinn, Esq. as the mediator and mediated this case on March 19, 2008. At that mediation, the Parties discussed specific elements of River Watch's settlement proposal which included various forms of additional monitoring to be conducted at the Redwood Landfill. In addition, the Parties acknowledged that RLI had applied to expand the Landfill's disposal capacity to meet the waste disposal needs of Bay Area communities. The Environmental Impact Report ("EIR") for RLI's expansion application is expected to be recommended for certification on or before May 5, 2008. RLI expects the EIR to include additional surface water and groundwater monitoring. The EIR could also contain other information that may address some of River Watch's other concerns. Although RLI does not believe any additional monitoring is warranted, it nonetheless believes that the potential new monitoring requirements in the EIR could address River Watch's concerns about monitoring. Because the EIR should contain a significant amount of information that will be useful to all Parties in understanding RLI's monitoring obligations and other obligations to ensure that no unauthorized pollutants are being discharged from the site, RLI requests a continuance of all pretrial deadlines and the trial date by sixty (60) days and a corresponding stay of formal discovery for sixty (60) days. The Parties closed the mediation on March 19, 2008 expecting this request to be made, believing they were close to reaching a settlement and agreeing to mediate the case again in approximately sixty (60) days, giving both parties a chance to review the certified EIR.

River Watch does not oppose this request. The mediator, Mr. Quinn, recommended this continuance and called the Court to request it. Although the Court denied Mr. Quinn's request because no reason for the continuance was given, the Court stated that it would consider a continuance upon a showing of good cause. Notice dated March 20, 2008 (Docket Document No. 43).

Good cause exists for a sixty (60) day stay of formal discovery and continuance of all pretrial deadlines and the trial date because, during that time period, the Parties will gain access to currently unavailable information that should help facilitate the settlement of this case and obviate the need for

1  the expenditure of resources on discovery and trial preparation.  The EIR should be recommended
2  for certification on or about May 5, 2008 and the Parties will gain access to the EIR's monitoring
3  requirements for RLI as well as any other useful information likely to be contained therein.  The
4  Parties' mutual understanding of the actual additional monitoring requirements in the EIR should
5  facilitate settlement of this case by: (1) identifying which additional monitoring requirements
6  demanded by River Watch are satisfied by the monitoring requirements of the EIR; (2) allowing the
7  Parties to focus on River Watch's monitoring demands not addressed by the EIR, if any; (3)
8  avoiding the imposition of conflicting monitoring requirements on RLI caused by having different
9  monitoring requirements imposed by River Watch and the EIR; and (4) allowing the Parties to
10 better-assess the feasibility of River Watch's demands for additional monitoring.  Further, a short
11 stay of formal discovery and continuance may obviate the need for the Parties to unnecessarily
12 expend resources on discovery and trial preparation.

14  For the foregoing reasons, good cause exists for the Court to stay formal discovery and
15 continue all pretrial deadlines and the trial date for sixty (60) days.

17  DATED:  April 2, 2008

18  REED SMITH LLP

20  By      /s/ Julia Butler
            John Lynn Smith
21          Julia Butler
            Joonsik Maing
22          Attorneys for Defendant
            REDWOOD LANDFILL, INC.

No.: C-07-5058 WHA     - 3 -

Defendant Redwood Landfill, Inc.'s Request To Stay Formal Discovery And Continue Pretrial Deadlines And Trial Date