# Law Office of Jack Silver



P.O. Box 5469       Santa Rosa, California 95402
Phone 707-528-8175    Fax 707-528-8675
lhm28843@sbcglobal.net

May 21, 2008

Honorable William H. Alsup
U.S. District Court
Northern District of California
450 Golden Gate Avenue, Ctrm 9
San Francisco, CA 94102

Re:    Northern California River Watch v Redwood Landfill, Inc.
Case No.:C07-05058 WHA

Dear Judge Alsup:

Pursuant to Paragraph 26 of the Court's Supplemental Orders, I submit the following request for discovery relief on behalf of Plaintiff Northern California River Watch ("River Watch")

This lawsuit involves the issue of whether defendant Redwood Landfill, Inc. ("Redwood") is releasing pollutants from its landfill site in Novato, California to surrounding United States waters in violation of the Clean Water Act.

At a February 21, 2008 site visit, representatives of River Watch took samples of effluent flowing from a discharge pipe and submitted them for laboratory analysis. The analytical results showed excessively high levels of ammonia, nitrate and phosphate. The ammonia was measured at 260 mg/l and the unionized fraction was calculated to be between 1.8mg/l and 2.7 mg/l. The levels of unionized ammonia are one to two magnitudes higher than allowed Regional Water Quality Control Board Basin Plan. The levels of total ammonia are far in excess of the amount considered toxic to invertebrates and fish. The nitrate was 20 times higher than allowed in the Basin Plan. Redwood has claimed that River Watch's results were due to a "sampling error." An outside contracting firm which routinely takes samples for Redwood's compliance with its water quality permit also took samples of the same effluent at the February 21, 2008 site visit.

River Watch has disclosed its analytical results to Redwood and has requested on numerous occasions, including a formal discovery request served on April 1, 2008, that Redwood disclose to River Watch the analytical results of its samples. Such requests were also made at the mediation on March 19, 2008, in a subsequent telephone conversation between River Watch attorney Jerry Bernhaut and Redwood attorney John Smith, and at the deposition of Redwood employee Mark Verwiel on April 29, 2008, at which time Redwood attorney John Smith indicated that Redwood would claim their analytical results are protected by work product privilege.

Attached are Pages 1- 4 of Redwood's formal Responses to River Watch's Request For Production served on May 8, 2008, in which Redwood refuses to produce data or laboratory analysis for the samples taken at the site visit based on the attorney work product doctrine. (The remainder of the Response document has been omitted both as the requests are unrelated to this discovery dispute, and, in order to comply with the Court's mandate of no more than 12 pages of attachments). Also attached are two pertinent letters provided to defense counsel via email.

River Watch first questions whether or not the work product doctrine applies. Redwood operates under the California General Storm Water Permit ("General Permit"). The General Permit requires Redwood to disclose any non-compliance to the Regional Water Quality Control Board. If Redwood's test results are similar to that of River Watch, Redwood would be obligated to report those results, thus having effectively waived any work product privilege when it agreed to be covered by the General Permit. Under Redwood's claim of privilege it could effectively "protect" the disclosure of any non-compliance by claiming that all testing is being done in anticipation of litigation. Even if Redwood could claim work product protection, River Watch is only seeking facts not opinions. River Watch has requested only the laboratory data and chain of custody sheets for the samples take that day of inspection.

Statute and case law are clear that once the party requesting documents or tangible things prepared in preparation for trial has established a substantial need for the requested materials in the preparation of its case and that it is unable to obtain an equivalent without undue hardship, the party seeking discovery is entitled to factual material which does not disclose the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the party providing the information. See, FRCP 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (S. Ct. 1947), *Garcia v. City of El Centro*, 214, F.R.D. 587,591 (S.D. CA 2003). In *Roberts v. Americable*, 883 F. Supp. 499,507 (E.D. CA 1995), the court ordered disclosure of taped conversations between an employee claiming sexual harassment and her supervisor, whom she claimed had committed the alleged harassment. The tapes were made in anticipation of litigation. The court held that the taped conversations did not disclose mental impressions or litigation strategies of the attorney who suggested taping, but only the thought processes of the conversants.

When the parties met and conferred to discuss Redwood's refusal to provide the requested sampling data, Redwood's attorney Julia Butler cited cases which she claims support the position that River Watch cannot neither show substantial need for Redwood's analytical results, nor can it show undue hardship in obtaining substantially equivalent information. She cites *AK Steel Corp. v. Sollac*, 234 F.Supp. 2d 711,713 (S.D. OH 2002) in which the court denied a motion to compel discovery of the results of tests conducted in preparation for litigation based on the failure of the party seeking discovery to show it had exhausted normal discovery remedies, and thus failure to show undue hardship in obtaining its own test data; also, *In Re Shell Refinery v. Shell Oil Co.*, 132 F.R.D. 437 (E.D. LA, 1990) in which the court held that plaintiff sought disclosure of defendant's test results to avoid the expense of conducting their own tests, which did not satisfy the need to show undue hardship; and lastly, *Martin v. Monfort*, 150 F.R.D. 172,174 (D. CO 1993) in which the court found that the party seeking to compel discovery of opposing party's past studies had made no showing why it could not have performed simultaneous studies in the past or substantially similar current studies. In all three cases, the courts found the party seeking to compel discovery had access to substantially similar information without undue hardship.

Attorney Butler argues that River Watch had access to substantially similar information by virtue of the tests River Watch conducted at the site visit. However, at a hearing before the Marin County Planning Commission on May 5, 2008, Ms. Butler claimed on behalf of Redwood that River Watch's test results were inaccurate because River Watch failed to follow proper testing protocols.

River Watch has a substantial need for Redwood's analytical results to establish either agreement with River Watch's results, which questions Redwood's claim of improper protocols, or, to compare protocols if there are significant discrepancies between River Watch and Redwood's results. Unlike the cases cited by Attorney Butler, here the test results River Watch seeks Redwood to disclose are uniquely relevant. There is no substantial equivalent. River Watch cannot go back to that day of sampling and take more samples.

Redwood has a history of claiming laboratory error and other grounds for questioning the reliability of tests performed by its own consultants when the results show violations of regulatory standards. Redwood has placed the test results taken on the date of the site inspection at issue. These duplicate sample results are essential to River Watch's case and "critical to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues." *National Congress for Puerto Rican Rights v. City of New York* 194 FRD 105, 110 (S.D. NY 2000).

In light of the above, River Watch respectfully requests the court to direct defendant Redwood Landfill, Inc. to disclose the data and analytical results of tests conducted at River Watch's February 21, 2008 site visit. The parties are negotiating in good faith to resolve other matters regarding discovery.

Sincerely,

Jerry Bernhaut
Attorney for Plaintiff
Northern California River Watch

JB:la
Attachments

1   John Lynn Smith (SBN 154657)
    Julia C. Butler (SBN 199133)
2   Joonsik Maing (SBN 240927)
    REED SMITH LLP
3   1999 Harrison Street, Suite 2400
    Oakland, CA  94612-3572
4
    **Mailing Address:**
5   P.O. Box 2084
    Oakland, CA  94604-2084
6
    Telephone:    +1 510 763 2000
7   Facsimile:    +1 510 273 8832
8   Attorneys for Defendant
    Redwood Landfill, Inc.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  NORTHERN CALIFORNIA RIVER WATCH, a          No. C-07-5058 WHA
    non-profit corporation,
                                                **RESPONSES OF DEFENDANT**
14                  Plaintiff,                   **REDWOOD LANDFILL, INC. TO**
                                                **PLAINTIFF'S SECOND REQUEST FOR**
15          vs.                                 **PRODUCTION OF DOCUMENTS**

16  WASTE MANAGEMENT INC., REDWOOD
    LANDFILL, INC. and DOES 1-10, inclusive,
17
                    Defendants.
18

19

20  PROPOUNDING PARTY:    Plaintiff Northern California River Watch

21  RESPONDING PARTY:     Defendant Redwood Landfill, Inc.

22  SET NUMBER:           Two

23

24          Defendant Redwood Landfill, Inc. ("RLI") responds to Plaintiff Northern California River

25  Watch's Second Request for Production of Documents as follows:

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

## PRELIMINARY STATEMENT

3      RLI has not completed its factual investigation, its discovery or its preparation for trial in this

4  case. The responses contained herein are based only upon such information as is presently available

5  and specifically known to RLI. RLI reserves the right to amend or supplement these responses as

6  discovery in the case progresses, as new facts develop and as new information is obtained. The

7  following responses are given without prejudice to RLI's right to produce or rely on additional

8  evidence at trial or in connection with any pretrial proceedings.

9

10                                    ## GENERAL OBJECTIONS

11

12      RLI makes the following general objections and incorporates each of them into every

13  specific response made below. The assertion of the same, similar or additional objections in any

14  specific response does not waive RLI's objections as set forth below.

15

16      1.      RLI objects to each request to the extent it seeks information which is protected from

17  disclosure by the attorney-client privilege and/or the attorney work product doctrine. All such

18  information will be withheld. All references to "privileged" information in these responses include,

19  without limitation, information protected by the attorney-client privilege, the attorney work product

20  doctrine, and by applicable common law and constitutional privileges, protections and rights to

21  privacy. To the extent any of the document requests call for such privileged or protected

22  information, RLI objects to the document requests and asserts that privilege and protection, but will

23  identify withheld documents on its privilege log as required by the Federal Rules of Civil Procedure

24  and Judge Alsup's standing order. Redwood will produce such privilege log concurrently with its

25  production of documents. However, to the extent that the requests seek production of RLI's

26  communications with counsel in connection with this action, and counsel's work product in

27  connection with this action, RLI will not produce such documents, nor will it identify such

28  documents on its privilege log on the grounds that doing so would violate counsel's work product,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   and would be unduly burdensome and not calculated to lead to the discovery of information that is

2   relevant to the claim or defense of any party.

4       2.      RLI reserves its rights to challenge the competency, relevancy, materiality, and

5   admissibility of or to object on any ground to the use of information set forth herein at subsequent

6   proceedings or the trial of this or any other action.

8       3.      RLI objects to these requests to the extent they seek information and/or documents

9   which contain trade secrets and/or confidential business or proprietary information.

11      4.      RLI objects to these requests to the extent they demand information or procedures

12  that exceed the requirements set forth by the Federal Rules of Civil Procedure.

14      5.      RLI objects to the designated location for the document production and asserts that it

15  will produce any documents for inspection and copying at its business location.

17      6.      RLI objects to the date and time designated for production of the requested

18  documents.  Plaintiff has requested documents that require RLI to collect and review a large volume

19  of hard-copy as well as electronic documents.  This process is extremely time consuming and costly.

20  RLI is currently collecting and reviewing the requested documents and will produce the requested

21  documents as set forth below, and subject to all objections stated herein, as soon as it is reasonably

22  able to do so.

24      7.      RLI objects to these requests to the extent they are vague, ambiguous, overly broad,

25  unduly burdensome and oppressive, and seek information or and/or documents that that are not

26  relevant to the claim or defense of any party.

28      8.      To the extent the Requests seek electronic documents, RLI plans on producing the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    requested documents as set forth below, and subject to all objections stated herein, in electronic

2    format.

### RESPONSES TO REQUESTS FOR PRODUCTION

6        **REQUEST NO. 25:**  Please produce copies of all **DATA** and laboratory analyses conducted

7    by or for **REDWOOD** on any water, soil, **LEACHATE, STORM WATER** or other materials over

8    the past (five) 5 years including but not limited to the **SAMPLES** taken during the inspection of

9    **REDWOOD**'s **SITE** on February 21, 2008.

10       **RESPONSE TO REQUEST NO. 25:**  RLI objects to this request on the ground that it is

11   overbroad, oppressive and overly burdensome in that the request is virtually unlimited because it

12   asks for data and laboratory analyses conducted by or for Redwood on "other materials."  The phrase

13   "other materials" is undefined and thus gives RLI no direction with respect to what documents to

14   collect and produce.  In addition, the definition of "DATA" is unclear, vague and ambiguous such

15   that RLI cannot ascertain what types of documents are requested.  RLI further objects to this request

16   on the ground that it seeks discovery of information that is not relevant to the claim or defense of

17   any party.  Additionally, RLI objects to this request on the ground that it calls for information

18   consisting of proprietary and/or confidential business information.  RLI also objects to this request

19   on the ground that it calls for information protected by the attorney-client privilege and/or the work

20   product doctrine.  In addition, RLI objects to this request on the grounds that it is duplicative of

21   Request Nos. 3, 4, 9, 11 and possibly other requests in River Watch's First Set of Requests for

22   Production of Documents propounded on RLI.  Subject to and without waiving the foregoing

23   General and specific objections, RLI responds as follows:  RLI will produce non-privileged RAW

24   DATA and laboratory analyses conducted by or for RLI on any water, leachate or storm water over

25   the past five years, but will not produce (1) DATA, RAW DATA or laboratory analyses for the

26   samples taken at River Watch's site inspection on February 21, 2008 as those samples are protected

27   by the attorney work product doctrine; or (2) any other DATA, RAW DATA or laboratory analyses

28   that are protected by the attorney work product doctrine or the attorney-client privilege.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Julia Butler
REED SMITH, LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
Attorney for Redwood Landfill, Inc.

May 14, 2008

Dear Ms. Butler,

I am writing as attorney for Northern California River Watch to request that
we meet and confer by telephone to discuss Redwood Landfill Inc. response to
River Watch Request for Production No. 25, wherein Redwood refused to provide
data, raw data or laboratory analyses for the samples taken at River Watch's
site inspection of the Redwood Landfill on February 21, 2008. Redwood claims
that the requested information is protected by work product doctrine.
However, both statute and case law are clear that once the party requesting
documents or tangible things prepared in anticipation of litigation has
established a substantial need of the requested materials in the preparation
of its case and that it is unable to obtain a substantial equivalent without
undue hardship, the party seeking discovery is entitled to factual material
which does not disclose the mental impressions, conclusions, opinions or legal
theories of an attorney or other representative of the party providing the
re information, FRCP 26(b)(3), Hickman v. Taylor, 329 U.S. 495 (S. Ct. 1947),
Garcia v. City of El Centro, 214, F.R.D. 587,591 (U.S. Dist. Ct., Southern
Dist. of Cal. 2003).

Here, at the February 21, 2008 site visit, River Watch took samples of
effluent flowing from a storm water discharge pipe and submitted the samples
for laboratory analysis. The analytical results showed levels of ammonia at
260 mg/L and nitrate at 260 mg/L, both results substantially in excess of
regulatory standards. Representatives of Redwood also took samples of the same
effluent at the February 21, 2008 site visit, which were submitted for
laboratory analysis. River Watch has disclosed its analytical results to
Redwood and has requested on numerous occasions that Redwood disclose the
analytical results of its samples. Such requests were made at the mediation on
March 19, 2008, in a subsequent phone conversation between River Watch
attorney Jerry Bernhaut and Redwood attorney John Smith and at the deposition
of Redwood employee Mark Verwiel on April 29th 2008, where  Redwood attorney
John Smith indicated that Redwood would claim work product privilege. River
Watch has a substant ial need of Redwood's analytical results to establish
either agreement with
River Watch results or to raise issues regarding sampling protocols if there
are significant discrepancies between River Watch and Redwood results. River
Watch has no other means of obtaining a substantial equivalent of Redwood's
results, as Redwood would raise the work product objection to any effort of
River Watch to obtain the information by deposition. Disclosure of the simple
numerical data of Redwood's analytical results would in no manner disclose the
mental impressions, conclusions, opinions or legal theories of an attorney or
other representative of Redwood.

In Roberts v. Americable, 883 F. Supp. 499,507 ( U.S.Dist. Ct. Eastern Dist.
of Cal. 1995), the court ordered disclosure of taped conversations between an
employee claiming sexual harassment and her supervisor, who she claimed had
committed the alleged harrassment, which tapes were made in anticipation of
litigating the harrassment claim. The court held that the taped conversations
did not disclose mental impressions or litigation strategies of the attorney
who suggested taping, but only the thought processes of the conversants.
Arguably, these taped conversations were more revealing of litigation strategy
than the mere numerical data requested by River Watch, yet the court in
Roberts rejected the claim of work product privilege.

I believe the above analysis clearly establishes that Redwood's analytical
results are not protected under the work product doctrine. However, we would
be interested in any statute or case law which you believe supports Redwood's

claim of work product privilege.

I am also hereby requesting that we meet and confer regarding Redwood's failure to respond to River Watch Request for Production No. 20, in which River Watch requested documents regarding monitoring wells, including boring-data logs. At the March 19 mediation, Redwood employee Mark Verwiel, who is responsible for hydrological oversight of the landfill, said that the boring logs were too numerous for him to disclose all the pertinent documentation. At Mr. Verwiel's Apri 29th deposition, he stated that he did not know the current location of the documentation regarding the boring logs. Nevertheless, at the recent hearing before the Marin County Planning Commission regarding certification of the EIR for Redwood's proposed expansion of its Novato landfill operation, MR. Verwiel assured the commissioners that he had personally supervised the drilling of numerous boring logs to identify preferential ground water pathways between the landfill and surrounding waters. We believe that it is
not excessively burdensome for Mr. Verwiel to produce information which he is more than willing to reference in support of the proposed expansion of the landfill.

Please respond to this request to meet and confer as soon as possible, so that we can confer by phone on the above matters no later than Thursday, May 15. In the absence of a response, I will proceed under paragraph 26 of Judge Alsup's Order regarding pre trial matters, in which Judge Alsup provides direction for requests for discovery relief, by drafting a letter to the court.

Thank you for your attention,

Jerry Bernhaut
Attorney for Northern California River Watch

Confidentiality Notice: This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication. If you have received this communication in error, please contact Jerry Bernhaut by email at jbernhaut@comcast.net, or by telephone at (707) 935-1815.

Julia Butler
REED SMITH LLP
1999 Harrison Street
Suite 2400
Oakland , CA 94612-3572

May 15, 2008

Dear Ms. Butler,

This is to memorialize our telephone conference at 2p.m., Thursday, May 15, 2008, regarding the following discovery matters in the case of Northern California River Watch v. Redwood Landfill Inc.

1. You made clear that Redwood continues to refuse to disclose the analytical results and raw data of storm water samples taken by representatives of Redwood at the River Watch site visit on February 21, 2008, based on the claim of work product privilege. You presented the rationale that we could not demonstrate substantial need because we were able to conduct substantially similar tests, and you provided case law citations in support of your position. I responded that we could show substantial need to compare our results with Redwood's and had no other means to satisfy that need. We agreed that we had not resolved our dispute.

2. You agreed that you would provide us with boring logs and a well location map in response to our Request for Proposal # 25, but that you could not locate all boring locations.

3. You said that you were still in the process of reviewing and collecting documents you had agreed to provide in a prior meet and confer with River Watch attorney Jack Silver, and you were still not certain whether you would be able to provide all documents you and Mr. Silver had agreed on. You specifically mentioned some lack of clarity re what documents relating to sludge Mr. Silver had requested. You did not provide a date certain when you would produce the documents you agreed to produce in your conference with Mr. Silver and in response to our Second Request For Production.

4. You agreed that you would provide an index of all documents produced in response to our first Request For Production, as well as the name and position of all persons conducting the search, their areas of search responsibility, the specific source for each item and all information required in Judge Alsup's Order re verifying production. You said there were no documents withheld based on any claim of privilege in your first "limited" production. You agreed to provide a privilege log for all subsequent production of documents.

5. Re River Watch subpoenas duces tecum issued to third party consultants of Redwood Landfill, you argued that the subpoenas are overbroad and burdensome in that they request all documents relating to Redwood Landfill from consultants who have performed a broad range of services for Redwood over many years. You gave an example of Geosyntech, a company which did cell design for the landfill, i.e. engineered the sequence of waste disposal locations going back many years, and thus could be compelled to produce "truckloads" of documents if we did not restrict the scope of the subpoenas. You argued that our requests for documents from the landfill were time limited and that we should limit our subpoenas to comparable periods. You did acknowledge that  there was no strict legal basis in relevancy for limiting the subpoenas to the five-year limit for accrued claims. We agreed that you were requesting we limit the scope of the subpoenas both in terms of time and subject matter. I said that I would need to consult with lead counsel and our client before agreeing to amend the subpoenas. I agreed that I would respond by this coming Monday to your request to limit the scope of the subpoenas.

Jerry Bernhaut
Attorney for Northern California River Watch