# ReedSmith

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
+1 510 763 2000
Fax +1 510 273 8832
reedsmith.com

**Julia C. Butler**
Direct Phone: +1 510 466 6829
Email: Jbutler@reedsmith.com

May 23, 2008

Honorable William H. Alsup
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Northern California River Watch v. Redwood Landfill, Inc.; Case No. 07-CV-05058 WHA**

Dear Judge Alsup:

We represent Redwood Landfill, Inc. ("RLI") in the Clean Water Act ("CWA") case referenced above. Recently, plaintiff Northern California River Watch ("RW") mailed subpoenas duces tecum to ten third parties ("Third Parties") ("Subpoenas") requesting the same categories of documents, all unlimited in time, from each Third Party. The first category of documents listed in each subpoena requires each third party to produce "any and all documents and records related to the Redwood Landfill site located at 8950 Redwood Highway North, Novato, Marin County California." *See* Exhibit A (Subpoena)[1]. After having met and conferred[2] to informally resolve this discovery dispute and pursuant to Paragraph 26 of the Supplemental Order, we respectfully request that the Court quash or limit the scope of the overly broad and unduly burdensome Subpoenas. If the Court is not inclined to *sua sponte* quash or limit the scope of the Subpoenas, RLI requests leave to file a motion for protective order to quash or limit the scope of the Subpoenas, requests to do so on shortened time and requests the Court to relieve the Third Parties of compliance with the Subpoenas until the Court rules on this issue.

On October 1, 2007, RW filed a complaint alleging that RLI violated and continues to violate the CWA by: (1) allegedly discharging pollutants from a point source into the waters of the United States around Redwood Landfill ("US Waters") in excess of effluent limitations and without a valid National Pollutant Discharge Elimination System permit; (2) allegedly discharging polluted storm water and non-storm water pollutants into US Waters in excess of effluent limitations in violation of the General Permit; and (3) allegedly failing to comply with the procedural requirements of the General Permit at Redwood Landfill (*e.g.*, development of a Storm Water Pollution Prevention Plan). Complaint [1], ¶¶ 1-3, 21-25, 30-37.

---

[1] One of the ten Subpoenas is attached as Exhibit A. All ten Subpoenas request the same categories of documents.

[2] The letters and emails initiating and memorializing discussions between RLI and RW to resolve this discovery dispute are attached as Exhibit B.

Honorable William H. Alsup
May 23, 2008
Page 2

**ReedSmith**

On May 7, 2008, RW mailed the Subpoenas to ten third parties requiring the production of four categories of documents, one of which is "any and all documents and records related to the Redwood Landfill site located at 8950 Redwood Highway North, Novato, Marin County California" by June 8, 2008. Most of the third parties were or are RLI's consultants ("Third Parties")[3]. The others are a Marin County regulatory agency and its consultant for an EIR related to a pending application by RLI for a revision of a solid waste facilities permit. After a meet and confer session between RLI and RW, RW agreed to "limit" the Subpoenas to seek documents in the following broad categories: water quality sampling, Redwood Landfill's leachate and storm water systems, background levels of constituents of concern at Redwood Landfill, alleged discharges of pollutants into US Waters, ponded water at Redwood Landfill, soil chemistry at Redwood Landfill, physical characteristics of alleged discharge points at Redwood Landfill, and physical characteristics of the receiving waters around Redwood Landfill. Exhibit B (May 16, 2008 email from Mr. Bernhaut to Ms. Butler), ¶ 5. Although RW agreed to "limit" the Subpoenas, it still did not place any time parameters on these new categories of documents, the categories are still overly broad and impose an undue burden on the Third Parties. Thus, the Subpoenas should be quashed or at least limited in scope.

Subpoenas duces tecum are subject to the relevancy requirements of FRCP 26(b). *See In re Coan*, 2007 U.S. Dist. LEXIS 6288, *5 (N.D. Cal. Jan. 12, 2007). Under FRCP 26(b)(1), discovery must be limited to nonprivileged matters that are relevant to a party's claim or defense. In addition to limiting subpoenas duces tecum to satisfy the relevancy requirements of FRCP 26(b)(1), "a party or an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(c)(1). The Subpoenas do not meet the requirements of FRCP 26(b)(1) and 45(c)(1) because the categories of documents the Subpoenas seek are not limited to a relevant and reasonable time period and are overbroad because they still seek irrelevant documents.

To meet the requirements of 26(b)(1) and 45(c)(1), the Subpoenas should be limited to a relevant and reasonable time period. The proposed "limited" categories of documents, such as water quality sampling, Redwood's leachate and storm water systems, background levels of constituents of concern at Redwood Landfill, alleged discharges of pollutants to US Waters, and ponded water at Redwood Landfill, presumably related to identifying a particular CWA violation should be limited to the time period during which the CWA claims that are the subject of this case ("Claims") may have accrued. The Claims must have accrued after August 2, 2002, five years and 60 days before the Complaint was filed. *See Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1522, 1524 (9th Cir. 1987) (holding that the five-year statue of limitations period identified in 28 USC § 2462 applied to CWA claims and the five year statue of limitations period is tolled 60 days before the CWA complaint is filed). Because the Claims must have accrued after August 2, 2002, documents identifying and relating to those Claims did not exist before that date. However, the proposed "limited" categories related to identifying a particular CWA violation are unlimited in time and, as a result, are overbroad, seek irrelevant documents, and

---

[3] The Third Parties are CH2M Hill; Environmental Science Association; Geosyntec Consultants; Harding Lawson Associates Group, Inc.; Kleinfelder, Inc.; Marin County Community Development Agency Environmental Health Services; McCambell Analytical, Inc.; SCS Engineers; Severn Trent Laboratories, Inc.; and GeoChem Applications.

Honorable William H. Alsup
May 23, 2008
Page 3

**ReedSmith**

impose an undue burden on the Third Parties. Further, even if some of the proposed "limited" categories, such as physical characteristics of alleged discharge points and of receiving waters around the landfill, may not need to be tied to the statute of limitations to be relevant, those categories should also be limited to a reasonable time to avoid imposing an undue burden on the Third Parties.

The proposed "limited" scope of the Subpoenas also do not meet the requirements of FRCP 26(b)(1) and 45(c)(1) because they still seek irrelevant documents. For example, one of the proposed categories seeks "soil chemistry at Redwood Landfill." RW has not alleged any contamination of soil and did not respond to RLI's meet and confer letter with any explanation of how this category of documents is relevant or how it does not impose an undue burden on the Third Parties. This category is overly broad in that it does not limit the type of soil chemistry sought, it does not limit the requested soil chemistry to any particular location in the 400+ acre landfill and again is not limited to any timeframe. Another overly broad category requests documents related to "Redwood Landfill's leachate and storm water systems." This category could easily be limited to request only relevant documents and not every document related to these systems, but again RW made no attempt to limit it and avoid imposing an undue burden on the Third Parties. By failing to properly limit the categories of documents in the Subpoenas, RW requests irrelevant documents and imposes an undue burden on the Third Parties.

Further, the Subpoenas do not meet the requirements of FRCP 26(b)(1) and 45(c)(1) because they do not account for the different types of work each of the Third Parties conducts related to Redwood Landfill and thus impose an undue burden on all of the Third Parties. The Subpoenas request exactly the same categories of documents from each of the Third Parties. However, the Third Parties do not all conduct the same type of work related to Redwood Landfill -- some specialize in geotechnical work; others conduct landfill design work, laboratory analysis work, work related to the CEQA process; and so on and so forth. Many of these Third Parties have conducted work related to Redwood Landfill for many years, some for two decades, and most of that work is irrelevant to a claim or defense of a party in this case. For each Subpoena to fall within the scope of permissible discovery and avoid imposing an undue burden on the Third Parties, the Subpoenas should be tailored to each of the Third Parties, accounting for the specific types of work each of those Third Parties conduct related to Redwood Landfill. Additionally, the Subpoenas do not meet the requirements of 45(c)(1) because the documents those Subpoenas seek may include public documents that RW already has or has equal access to and may include documents that can be requested from RLI, a party to this litigation. Seeking these types of documents from the Third Parties imposes an undue burden on those Third Parties.

The Subpoenas as sent to the Third Parties are unquestionably overbroad and violate Rule 45(c)(1) and, thus, impose an undue burden on the Third Parties by seeking irrelevant documents and documents that may be available from more appropriate sources. Accordingly, RLI respectfully requests that the Court quash or limit the scope of the Subpoenas. In the alternative, RLI requests leave to file a motion for protective order to quash or limit the Subpoenas, requests to do so on shortened time and requests the Court to relieve the Third Parties of compliance with the Subpoenas until the Court rules on this issue.

Very truly yours,

Julia C. Butler
Counsel for Defendant Redwood Landfill, Inc.