# ReedSmith

Julia C. Butler
Direct Phone: +1 510 466 6829
Email: Jbutler@reedsmith.com

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
+1 510 763 2000
Fax +1 510 273 8832
reedsmith.com

May 13, 2008

**By Facsimile & Electronic Mail**

Jerry Bernhaut, Esq.
Law Office of Jack Silver
P.O. Box 5469
Santa Rosa, CA 95402-5469

**Northern California River Watch v. Redwood Landfill, Inc.**
**USDC Northern District of California Case No. 07-cv-05058 WHA**

Dear Jerry:

    Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure ("FRCP") and Rule 37-1(a) of the Civil Local Rules of the United States District Court for the Northern District of California, we write to meet and confer about the defects of Northern California River Watch's ("River Watch") subpoenas duces tecum to CH2M Hill; Environmental Science Association; Geosyntec Consultants; Harding Lawson Associates Group, Inc.; Kleinfelder, Inc.; Marin County Community Development Agency Environmental Health Services; McCambell Analytical, Inc.; SCS Engineers; Severn Trent Laboratories, Inc.; and GeoChem Applications[1] ("Subpoenas"). The Subpoenas are defective because they are overbroad and seek documents wholly irrelevant to any claim or defense of any party, impose an undue burden on the third parties to whom the Subpoenas are directed ("Third Parties"), and seek confidential commercial documents without limiting the use of those documents to this case. If River Watch does not agree to remedy the defects of the Subpoenas, Redwood Landfill, Inc. ("RLI") will have no choice but to file a motion for protective order to limit the scope of the Subpoenas and the use of documents produced in response to those Subpoenas.

    FRCP 26(a)(1), which identifies the permissible scope of discovery, states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Subpoenas, which essentially request any and all documents related in any manner to Redwood Landfill[2], clearly fall outside the permissible scope of discovery. For the Subpoenas to fall within the

---

[1] Our office was not served with a copy of this subpoena, as required.

[2] River Watch's Subpoenas request the following categories of documents:

"1. Any and all documents and records related to the Redwood Landfill site located at 8950 Redwood Highway North, Novato, Marin County California.

"2. Any and all correspondence from or to Redwood Landfill, inc. related in any manner to the Redwood Landfill site located at 8950 Redwood Highway North, Novato, Marin County California.

**EXHIBIT B**

Jerry Bernhaut, Esq.
May 13, 2008
Page 2

**ReedSmith**

permissible scope of discovery, they must be limited in time and actually relate to a claim or defense of a party.

For the Subpoenas to fall within the permissible scope of discovery, they must be limited to the time period during which the Clean Water Act ("CWA") claims that are the subject of this case ("Claims") may have accrued. All CWA claims must commence within five years from the date they accrued. *See Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1522 (9th Cir. 1987) (holding that the five-year statue of limitations period identified in 28 United States Code section 2462 applies to CWA claims). This five-year limitations period is tolled 60 days before the complaint is filed. *Id.* at 1524. Under *Sierra Club*, the Claims must have accrued before August 2, 2002, five years and 60 days before October 1, 2007, the date the Complaint was filed. Because the Claims must have accrued before August 2, 2002, documents related to those Claims did not exist before that date. However, the Subpoenas are unlimited in time and, as a result, seek documents that cannot possibly be relevant to the Claims. For the Subpoenas to properly seek documents that are relevant to the Claims, those Subpoenas must be limited to seeking documents created after August 2, 2002.

Further, for the Subpoenas to fall within the permissible scope of discovery, they must be limited to seeking documents that are relevant to a claim or defense of a party. *See* FRCP 26(a)(1). As mentioned, the Subpoenas do not fall within the permissible scope of discovery because they are overbroad and generally request the production of any and all documents that relate in any manner to Redwood Landfill. Such general requests do not come close to seeking documents that are relevant to any claim or defense of any party in this case which alleges only a violation of the Clean Water Act. Indeed, the Subpoenas are so overbroad they impose the type of undue burden on the Third Parties that calls for sanctions under FRCP 45(c)(1). The Subpoenas impose undue burdens on the Third Parties especially because many of them generate or possess a large number of documents related to Redwood Landfill, most of which are irrelevant to any claim or defense of any party in this case, but are responsive to the Subpoenas. The Subpoenas also impose an undue burden on the Third Parties because many of the documents the Subpoenas seek include public documents River Watch has equal access to, documents RLI has produced or plans to produce, and documents that are protected from disclosure by the attorney-client privilege or the attorney work product doctrine. To limit the imposition of these undue burdens and for the Subpoenas to fall within the permissible scope of discovery, the categories of documents the Subpoenas seek must be defined by the Claims in the Complaint and seek specific categories of documents tailored to each unique Third Party.

Even if the Subpoenas are properly limited in time and actually seek documents related to a claim or defense of a party, those Subpoenas may still seek confidential commercial documents related to RLI. Disclosure of those documents would be harmful to RLI's commercial interests. To protect

---

"3. Any and all correspondence from or to Waste Management, Inc. related in any manner to the Redwood Landfill site located at 8950 Redwood Highway North, Novato, Marin County California.

"4. All correspondence from or to any public entity or agency, including but not limited to the State of California, the State Regional Water Quality Control Board, the County of Marin and the City of Marin related in any manner to the Redwood Landfill site located at 8950 Redwood Highway North, Novato, Marin County California."

Jerry Bernhaut, Esq.
May 13, 2008
Page 3

**ReedSmith**

RLI's commercial interests while allowing the use of any confidential commercial documents in the prosecution of the Claims, River Watch should, at a minimum, agree to limit the use of any confidential commercial documents to this case. If River Watch does not agree to limit the use of confidential commercial documents to this case, RLI will be forced to file a motion for protective order limiting the use of those documents.

Because of the upcoming designated time for production of documents responsive to the Subpoenas and the time constraints related to filing a motion for protective order, please respond to this letter by May 15, 2008. If we do not hear from you by that date, we will ask Judge Alsup to resolve this issue pursuant to his standing order.

Very truly yours,

Julia C. Butler

JCB:sl

DOCSOAK-9908060.4

Maing, Joonsik

Subject:            FW: Yesterday's meet and confer

From: jbernhaut@comcast.net <jbernhaut@comcast.net>
To: Butler, Julia C.
Cc: Jack Silver <warrioreco@yahoo.com>
Sent: Fri May 16 19:36:34 2008
Subject: Yesterday's meet and confer

Julia Butler

REED SMITH LLP

1999 Harrison Street

Suite 2400

Oakland , CA 94612-3572

May 16, 2008

Dear Ms. Butler,

This is to memorialize our telephone conference at 2p.m., Thursday, May 15, 2008, regarding the following discovery matters in the case of Northern California River Watch v. Redwood Landfill Inc.

1. You made clear that Redwood continues to refuse to disclose the analytical results and raw data of storm water samples taken by representatives of Redwood at the River Watch site visit on February 21, 2008, based on the claim of work product privilege. You presented the rationale that we could not demonstrate substantial need because we were able to conduct substantially similar tests, and you provided case law citations in support of your position. I responded that we could show substantial need to compare our results with Redwood's and had no other means to satisfy that need. We agreed that we had not resolved our dispute.

2. You agreed that you would provide us with boring logs and a well location map in response to our Request for Proposal # 25, but that you could not locate all boring locations.

3. You said that you were still in the process of reviewing and collecting documents you had agreed to provide in a prior meet and confer with River Watch attorney Jack Silver, and you were still not certain whether you would be able to provide all documents you and Mr. Silver had agreed on. You specifically mentioned some lack of clarity re what documents relating to sludge Mr. Silver had requested. You did not provide a date certain when you would produce the documents you agreed to produce in your conference with Mr. Silver and in response to our Second Request For Production.

4. You agreed that you would provide an index of all documents produced in response to our first Request For Production, as well as the name and position of all persons conducting the search, their areas of search responsibility, the specific source for each item and all information required in Judge Alsup's Order re verifying production. You said there were no documents withheld based on any claim of privilege in your first "limited" production. You agreed to provide a privilege log for all subsequent production of documents.

5. Re River Watch subpoenas duces tecum issued to third party consultants of Redwood Landfill, you argued that the subpoenas are overbroad and burdensome in that they request all documents relating to Redwood Landfill from consultants who have performed a broad range of services for Redwood over many years. You gave an example of Geosyntech, a company which did cell design for the landfill, i.e. engineered the sequence of waste disposal locations going back many years, and thus could be compelled to produce "truckloads" of documents if we did not restrict the scope of the subpoenas. You argued

1

that our requests for documents from the landfill were time limited and that we should limit our subpoenas to comparable periods. You did acknowledge that there was no strict legal basis in relevancy for limiting the subpoenas to the five-year limit for accrued claims. We agreed that you were requesting we limit the scope of the subpoenas both in terms of time and subject matter. I said th at I would need to consult with lead counsel and our client before agreeing to amend the subpoenas. I agreed that I would respond by this coming Monday to your request to limit the scope of the subpoenas.

Based on the meet and confer memorialized above, River Watch agrees to seek relief from the court at this point only in regard to Redwood's refusal to disclose the analytical results from samples taken at the site visit on February 21, 2008.

We appreciate your agreement to provide the boring logs and well map, and request that you give us a date when those documents wil be produced. We appreciate your ongoing efforts to collect the documents you agreed to produce in your prior meet and confer with River Watch attorney Jack Silver and request that you provide us with a date when those documents will be produced.

We agree to limit the scope of River Watch's subpoenas duces tecum issued to third party consultants to documents containing information regarding water quality; including ground water sampling, storm water sampling, sampling of surface waters surrounding the landfill, any form of monitoring of surface and sub-surface waters at and adjacent to the landfill, any raw data and/or analytical results produced in relation to water quality sampling, any information regarding Redwood's leachate collection and recovery system, Redwood's storm water collection system, any studies or technical reports regarding natural background levels of constituents of concern in the landfill and surrounding area, any information regarding discharges of pollutants to surface or sub-surface waters at and adjacent to the landfill, any information concerning inorganics, metals, including organic and inorganic forms, discharged from the landfill directly or indirectly to any surface or s ub-surface water, any information concerning organic compounds such as solvents, hydrocarbons and pesticides discharged from the landfill directly or indirectly to any surface or sub-surface water, any information concerning bacteria, virus, algae and other microorganisms discharged from the landfill directly or indirectly to any surface or sub-surface water, any information concerning pollutants not listed above, including turbidity, temperature, sediment, BOD, COD, cyanide, TSS TDS, priority pollutants, toxins discharged from the landfill directly or indirectly to any surface or sub-surface water, any information concerning ponds or ponded water at the landfill, any information concerning soil chemistry at and adjacent to the landfill, any information concerning the physical characteristics of discharge points at the landfill and the physical characteristics of receiving waters at the discharge points, any information concerning hydrogeology, pollutant m igration, preferential pathways , sensitive receptors and aquifer profiling at and around the landfill site.

River Watch believes that limiting the subject of the subpoenas to water quality related information is sufficient to avoid overburdening the recipients, without any limitation as to time. Time limitations in requests for production to Redwood were made with the understanding that there would be subsequent requests, whereas there will not be multiple subpoenas to the same person.

We appreciate your cooperation,

Jerry Bernhaut

Attorney for Northern California River Watch

Confidentiality Notice: This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication. If you have received this communication in error, please contact Jerry Bernhaut by email at jbernhaut@comcast.net, or by telephone at (707) 935-1815.

# ReedSmith

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
+1 510 763 2000
Fax +1 510 273 8832
reedsmith.com

Julia C. Butler
Direct Phone: +1 510 466 6829
Email: Jbutler@reedsmith.com

May 19, 2008

**By Email: jbernhaut@comcast.net**

Jerry Bernhaut, Esq.
Law Office of Jack Silver
P.O. Box 5469
Santa Rosa, CA 95402-5469

Re:   Northern California River Watch v. Redwood Landfill, Inc.
      USDC Northern District of California Case No. 07-cv-05058

Dear Jerry:

We received and reviewed your email dated May 16, 2008 regarding the scope of River Watch's subpoenas duces tecum ("Subpoenas"), among other things. We appreciate River Watch's effort to limit the Subpoenas to various categories of documents.[1] However, the Subpoenas still remain overbroad and still impose an undue burden on the third party consultants to whom the Subpoenas are directed ("Third Party Consultants").

The Subpoenas remain overbroad because they are not properly limited in time and, as a result, seek documents that cannot possibly provide any information relevant to a claim or defense of a party. We understand that some of the "limited" categories of documents identified in your email, such as those related to the physical characteristics of alleged discharge points, may not need to be limited in time to be relevant. However, other categories of documents that relate to identifying a violation of the Clean

---

[1] By its May 16, 2008 email, River Watch agreed to limit the Subpoenas to "documents containing information regarding water quality; including ground water sampling, storm water sampling, sampling of surface waters surrounding the landfill, any form of monitoring of surface and sub-surface waters at and adjacent to the landfill, any raw data and/or analytical results produced in relation to water quality sampling, any information regarding Redwood's leachate collection and recovery system, Redwood's storm water collection system, any studies or technical reports regarding natural background levels of constituents of concern in the landfill and surrounding area, any information regarding discharges of pollutants to surface or sub-surface waters at and adjacent to the landfill, any information concerning inorganics, metals, including organic and inorganic forms, discharged from the landfill directly or indirectly to any surface or sub-surface water, any information concerning organic compounds such as solvents, hydrocarbons and pesticides discharged from the landfill directly or indirectly to any surface or sub-surface water, any information concerning bacteria, virus, algae and other microorganisms discharged from the landfill directly or indirectly to any surface or sub-surface water, any information concerning pollutants not listed above, including turbidity, temperature, sediment, BOD, COD, cyanide, TSS TDS, priority pollutants, toxins discharged from the landfill directly or indirectly to any surface or sub-surface water, any information concerning ponds or ponded water at the landfill, any information concerning soil chemistry at and adjacent to the landfill, any information concerning the physical characteristics of discharge points at the landfill and the physical characteristics of receiving waters at the discharge points, any information concerning hydrogeology, pollutant migration, preferential pathways, sensitive receptors and aquifer profiling at and around the landfill site."

Jerry Bernhaut, Esq.
May 19, 2008
Page 2

**ReedSmith**

Water Act must be limited to the time period during which the alleged Clean Water Act violations that are the subject of River Watch's complaint may have accrued (*i.e.*, after August 2, 2002). Included in the category of documents related to identifying a Clean Water Act violation are documents, reports and studies related to water quality sampling or monitoring, the leachate collection and recovery system, the storm water collection system, background levels of constituents of concern, alleged discharges of pollutants to the surface or subsurface waters around Redwood Landfill, ponded water at Redwood Landfill, and soil chemistry at Redwood Landfill. If these categories are not properly limited in time, the Subpoenas will improperly require the production of documents that fall well outside the scope of permissible discovery.

Further, the Subpoenas are still overbroad because some of the document categories, such as documents related to Redwood Landfill's leachate collection and recovery system and storm water collection system ("Systems"), are overly general and, as a result, seek irrelevant information. If River Watch intends to seek relevant documents related to the Systems, the Subpoena, at a minimum, must specify the types of relevant information it seeks related to those Systems. For example, the Subpoena could be limited to seeking documents relating to the design of those Systems.

Additionally, the Subpoenas are still overbroad because they seek documents that are wholly irrelevant. For example, the Subpoena seeks documents related to "soil chemistry at and adjacent to the landfill." Soil chemistry has no bearing on whether a Clean Water Act violation occurred at the landfill because the fact that soil is contaminated does not establish that a Clean Water Act violation occurred. Further, even if documents related to soil chemistry were relevant, which RLI denies, such documents would presumably be redundant because the numerous types of documents related to water quality River Watch has already requested would serve the same purposes the documents related to soil chemistry would. Certainly, a subpoena that seeks such irrelevant and redundant documents is overbroad and imposes an undue burden on third parties.

The Subpoenas are also still overbroad because they do not account for the different types of work each of the Third Party Consultants conducts at Redwood Landfill. The Subpoenas, which were served on nine different Third Party Consultants, requested exactly the same categories of documents from all those consultants. River Watch's "limited" Subpoenas also request the same categories of documents from all nine Third Party Consultants. As you know, these consultants do not all conduct the same type of work related to Redwood Landfill – some specialize in geotechnical work, others conduct landfill design work, and some are labs that merely analyze samples, and so on and so forth. For each Subpoena to fall within the scope of permissible discovery, River Watch must tailor each Subpoena to each of the Third Party Consultants, accounting for the specific type of work each of those consultants conducts related to Redwood Landfill. If the Subpoenas are not tailored to the type of work each Third Party Consultant conducts, those Subpoenas cannot help but to impose an undue burden on those consultants.

Further, even if the "limited" Subpoenas are sufficiently limited in scope, which RLI denies, those Subpoenas would still impose an undue burden on the Third Party Consultants because the documents those Subpoenas seek may include public documents that River Watch already has or has equal access to and may include documents that can be requested from RLI, a party to this litigation. Certainly, seeking these types of documents from the Third Party Consultants imposes an undue burden on those

Jerry Bernhaut, Esq.
May 19, 2008
Page 3

**ReedSmith**

consultants. We would like to again remind River Watch that they have an affirmative duty under FRCP 45 to take reasonable steps to avoid imposing an undue burden on third parties.

We believe that the limitations identified above are more than reasonable in light of the permissible scope of discovery under FRCP 26 and limitations on the use of subpoenas under FRCP 45. Because of the upcoming designated time for production of documents responsive to the Subpoenas and the time constraints related to filing a motion to quash subpoenas and a motion for protective order, please respond to this letter by May 21, 2008. If we do not hear from you by that date, we will ask Judge Alsup to resolve this issue pursuant to his standing order.

Very truly yours,

Julia C. Butler

JCB:sl

**Maing, Joonsik**

| | |
|---|---|
| **From:** | Butler, Julia C. |
| **Sent:** | Thursday, May 22, 2008 11:40 AM |
| **To:** | 'jbernhaut@comcast.net' |
| **Subject:** | River Watch/Redwood: motion for protective order/motion to quash subpoenas |

Jerry,

I never received a response from you to our second meet and confer letter to you about the scope of your subpoenas. We requested a response by yesterday. Because we have not heard from you, we will send a letter to the Judge per his standing order requesting his assistance with this issue.

**Julia Butler**
510.466.6829
jbutler@reedsmith.com

**Reed Smith** LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
510.763.2000
Fax 510.273.8832

1