# ReedSmith

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
+1 510 763 2000
Fax +1 510 273 8832
reedsmith.com

**Julia C. Butler**
Direct Phone: +1 510 466 6829
Email: Jbutler@reedsmith.com

May 27, 2008

The Honorable William H. Alsup
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   **Northern California River Watch v. Redwood Landfill, Inc.**
      **Case No. C-07-5058 WHA**

Dear Judge Alsup:

This responds to the letter filed by Plaintiff Northern California River Watch ("River Watch") on May 21, 2008, in which River Watch requests that the Court order our client, Defendant Redwood Landfill, Inc. ("Redwood"), to produce the data and analytic results of tests conducted by Redwood's expert consultant during River Watch's February 21, 2008 site visit.

River Watch's request should be denied. The test results River Watch seeks are protected from discovery by the attorney work product doctrine codified in Federal Rule of Civil Procedure ("FRCP") 26(b)(3), as they were prepared at our direction, as counsel for Redwood in this case, by an expert consultant we retained to assist in Redwood's defense by attending River Watch's February 21, 2008 site visit with counsel for both sides, taking "split" samples of the water samples taken by River Watch and having them tested and analyzed. *See In re Grand Jury Subpoena*, 350 F.3d 1010, 1015 (9th Cir. 2003) (applying FRCP 26(b)(3) and extending work product protection to documents prepared by an environmental consultant hired to assist in defense of the case); *see also AK Steel Corporation v. Sollac & Ugine*, 234 F. Supp. 2d 711 (S.D. Ohio 2002) (applying FRCP 26(b)(3) and extending work product protection to gas composition test results prepared at the direction of defense counsel).

In an attempt to circumvent the work product bar, River Watch "questions" whether or not the work product doctrine applies to Redwood's test results because Redwood operates under California's General Storm Water Permit ("General Permit"), which requires Redwood to disclose any non-compliance to the Regional Water Board. This argument is mere conjecture. Redwood does not believe that the General Permit requires it to turn over its test results, which were taken by a litigation consultant in the course of a site inspection by the plaintiff, to the Water Board.

River Watch also attempts to bypass the work product bar by claiming that "River Watch is only seeking facts not opinions." However, FRCP 26(b)(3) clearly protects from discovery "documents and other tangible things" prepared at the direction of counsel, regardless of whether they reflect counsel's opinions. *See Fletcher v. Union Pacific Railroad Company*, 194 F.R.D. 666, 670-73 (S.D. Cal. 2000)

The Honorable William H. Alsup
May 27, 2008
Page 2

**ReedSmith**

(finding that surveillance films constituted work product and were protected from discovery). Moreover, courts have found in cases such as this, where a party requests production of test results, that "[t]he selection, ordering and compilation for review of test data… could reveal counsel's thought processes and theories regarding defense of the litigation," which would warrant an even "higher level of protection" and require "a higher level of need [to] be shown." *See AK Steel Corporation*, 234 F. Supp. 2d at 735. This higher showing "has been described as 'extraordinary justification.'" *Id.*

At a minimum, FRCP 26(b)(3) requires that River Watch show both: (1) "substantial need" for Redwood's test results and (2) "undue hardship [in obtaining] the substantial equivalent of the materials by other means." *See Fletcher v. Union Pacific Railroad Company*, 194 F.R.D. 666, 670-73 (S.D. Cal. 2000) (setting forth the requirements of FRCP 26(b)(3) and finding that "[the requesting party] carries the burden of showing that his opponent's work product should be disclosed to him").

1. **River Watch Cannot Show "Substantial Need" for Redwood's Test Results.**

Substantial need requires a showing that "the facts contained in the requested documents are essential elements of the requesting party's prima facie case" and that the party lacks alternative evidence to prove its case. *See* 6-26 *Moore's Federal Practice – Civil* § 26.70[5][c]; *Doubleday v. Ruh*, 149 F.R.D. 601, 607 (E.D. Cal. 1993). Here, River Watch claims that it has "substantial need" for Redwood's test results "to establish either agreement with River Watch's results, which questions Redwood's claim of improper protocols, or, to compare protocols if there are significant discrepancies between River Watch and Redwood's results."

River Watch's desire to "question Redwood's claim of improper protocols, or, to compare protocols" does not rise to the level of "substantial need." *See, e.g., Donohoe v. American Isuzu Motors, Inc.*, 157 F.R.D. 238, 246(M.D. Pa.) (allegation that attendance at defendant's crash test was necessary to effectively cross-examine testing party's expert witness was insufficient to establish substantial need). Rather than seeking Redwood's test results as evidence "essential" to its "prima facie case," River Watch simply desires the results to bolster its position that River Watch's test results were conducted under proper protocols. This is clearly an impermissible use of Redwood's work product. *See Fletcher*, 194 F.R.D. at 674-65 ("[Plaintiff] seeks Defendant's [work product] to bolster the testimony he and his treating physicians will offer… [and ] does not need his opponent's [work product] to present his case").

Moreover, River Watch has no "lack of alternative evidence" on the issue of its testing protocol – River Watch may introduce expert testimony and related evidence on the issue of what constitutes proper protocol procedure. "[A] party's desire to find corroborating evidence is insufficient to establish substantial need." 6-26 *Moore's Federal Practice – Civil* § 26.70[5][c]; *see also Fletcher*, 194 F.R.D. at 673-74.

2. **River Watch Cannot Show "Undue Hardship" Warranting Redwood's Test Results.**

Undue hardship requires a showing that the party seeking disclosure cannot obtain the "substantial equivalent" from an alternative source of information. 6-26 *Moore's Federal Practice – Civil* § 26.70[5][d]; *Fletcher*, 194 F.R.D. at 671, 674-75. River Watch cannot make this showing as both

The Honorable William H. Alsup
May 27, 2008
Page 3

**ReedSmith**

parties' test results were obtained from "substantially equivalent" samples – each effluent sample was "split" with River Watch during River Watch's February 21, 2008 site inspection.

Indeed, River Watch does not even attempt to set forth facts showing "undue hardship [in obtaining] the substantial equivalent" of Redwood's test results – and instead simply states that "River Watch cannot go back to that day of sampling and take more samples." Work product protection would be meaningless if a party seeking work product disclosure merely had to claim it cannot go back in time and get more samples *of the same material it had sampled previously.*

Case law clearly establishes that a party requesting disclosure of test results is unable to show "undue hardship" when it is able to conduct substantially similar tests. *See AK Steel Corporation*, 234 F. Supp. 2d at 735. In *AK Steel Corporation*, Plaintiff failed to show "undue hardship" for the results of gas composition tests conducted by Defendants on the production line in Defendants' facility, as Plaintiff made no showing as to why it could not conduct its own tests on the production line. Similarly, in *Martin v. Monfort, Inc.*, 150 F.R.D. 172, 174 (D. Col. 1993), time and motion studies performed at the direction of defense counsel were protected by the work product doctrine when Plaintiff made "[n]o showing [] as to why [it] could not have performed similar studies [at the time]" or "why the same or substantially similar studies cannot be performed today."

Finally, to compel production of Redwood's test results in this case would defeat the purpose of the work product doctrine. The work product doctrine is intended to strike a balance between open discovery and an attorney's need to analyze and prepare a client's case without interference or free-riding by an opposing party. *See Hickman v. Taylor*, 392 U.S. 495 (1947); *In re Shell Oil Refinery v. Shell Oil*, 132 F.R.D. 437, (E.D. La. 1990) (denying plaintiff's request for disclosure of defendant's test results due in part to the work product rule's "intended purpose of protecting trial strategy and preventing one part from having a free ride at the expense of the other party"). Redwood's test results and testing protocols reflect its counsel's strategies and thought processes, and result from counsel's consultation with its retained expert. River Watch should not be permitted to use Redwood's hard work and monetary expense simply to defend its own test results and protocols.

River Watch has not met its burden to compel discovery under the work product doctrine, and this Court should deny River Watch's request for an order compelling Redwood to produce the data and analytic results of tests conducted by Redwood's expert consultant during River Watch's February 21, 2008 site visit. To the extent the Court requires additional briefing or information with which to evaluate River Watch's request, Redwood would be happy to provide such information.

Very truly yours,

*Julia C. Butler*

Julia C. Butler
Counsel for Defendant
Redwood Landfill, Inc.

DOCSOAK-9909074.1