1  John Lynn Smith (SBN 154657)
   (E-Mail: jlsmith@reedsmith.com)
2  Julia C. Butler (SBN 199133)
   (E-Mail: jbutler@reedsmith.com)
3  Joonsik Maing (SBN 240927)
   Email: jmaing@reedsmith.com
4  REED SMITH LLP
   1999 Harrison Street, Suite 2400
5  Oakland, CA  94612-3572

6  **Mailing Address:**
   P.O. Box 2084
7  Oakland, CA  94604-2084

8  Telephone:    +1 510 763 2000
   Facsimile:    +1 510 273 8832
9
   Attorneys for Defendant
10 REDWOOD LANDFILL, INC.

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation, | No.: C-07-5058 WHA |
| 14 | [~~PROPOSED~~] ORDER AFTER 5/29/2008 DISCOVERY HEARING |
| 15             Plaintiff, | |
| 16       vs. | Honorable William Alsup |
| 17  REDWOOD LANDFILL INC. and DOES 1-10, inclusive, | |
| 18             Defendants. | |

21     A discovery hearing was held in this matter on May 29, 2008 for consideration of Plaintiff

22 Northern California River Watch's ("Plaintiff") request for an order compelling production of data

23 and results from split samples taken during Plaintiff's February 21, 2008 site visit [Docket No. 49]

24 and Defendant Redwood Landfill, Inc.'s ("Defendant") request for an order quashing or limiting the

25 scope of third-party document subpoenas [Docket No. 51].  Jack Silver and Joseph J. Bernhaut of the

26 Law Office of Jack Silver appeared on behalf of Plaintiff.  Julia C. Butler of Reed Smith LLP

27 appeared on behalf of Defendant.  Having fully considered the parties' requests for discovery relief,

28 and good cause appearing, IT IS HEREBY ORDERED:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Plaintiff's request for an order compelling Defendant to produce the data and results from 2 split samples taken by Defendant's expert consultant during Plaintiff's February 21, 2008 site visit 3 ("samples results") is DENIED. The sample results are protected by the attorney work product 4 doctrine. However, if Defendant intends to use or rely on the sample results in dispositive motions 5 or at trial in this matter, Defendant must notify Plaintiff by 12:00 p.m. on July 3, 2008, via letter 6 attaching the sample results in question. If Defendant does not produce the sample results to 7 Plaintiff by 12:00 p.m. on July 3, 2008, Defendant is barred from using or relying on the sample 8 results in dispositive motions or at trial of this matter.

10 With respect to Defendant's request that this Court quash or limit the scope of third-party 11 document subpoenas, Defendant is ordered to further meet and confer with Plaintiff on this issue. 12 Plaintiff shall prepare a more specific list of the documents sought via subpoena and Defendants 13 shall prepare a list of document categories they believe should be excepted from production. The 14 parties shall then meet and confer in person on or before June 9, 2008. If the parties have not 15 reached agreement as to the scope of the subpoenas by June 9, 2008, Defendant shall have one week 16 (up to and including June 16, 2008) to file a motion for protective order or motion to quash. The 17 third parties served with the subpoenas at issue are excused from complying with the subpoenas until 18 there is either (1) agreement between the parties as to the categories of documents requested by the 19 subpoenas; or (2) an order by the Court regarding the subpoenas. As soon as an agreement is 20 reached or an order entered by the Court, Plaintiff shall notify the third parties of same and shall 21 allow the third parties a reasonable amount of time to comply with the subpoenas as modified (such 22 reasonable amount of time to be determined by the Plaintiff in conjunction with each of the third 23 parties).

25  **IT IS SO ORDERED.**

26  DATE: June 3, 2008

_____
Honorable William H. Alsup
United States District Court Judge

No.: C-07-5058 WHA   –2–
[Proposed] Order After 5/29/2008 Discovery Hearing