

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 4390*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC  20044-4390*

September 15, 2008

Clerk's Office
United States District Court
Northern District of California, San Francisco
Phillip Burton
United States Courthouse
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

      Re:    <u>Northern California River Watch v. Waste Management Inc. et al.</u>, United States District Court, Northern District of California, No. 07-cv-05058-WHA

Dear Clerk:

      The following comments were submitted in a letter sent by express mail to the Court, and served on the parties, on September 3, 2008.  That submission has not yet been docketed, and in an abundance of caution the United States hereby resubmits its comments by electronic filing.  With the exception of the addition of this opening paragraph, and the addition of an electronic signature, the text of the following comments has not been altered from the original September 3 submission.

      On July 22, 2008, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).  This provision provides, in relevant part:

> No consent judgment shall be entered in any action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

<u>See also</u> 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice).  A settlement that does not undergo this federal review process is at risk of being void.  Pursuant to Section 505 (c)(3) of the Clean Water Act, the United States submits these comments to the court.  <u>See</u> 33 U.S.C. §1365 (c)(3).

      The function of a consent judgment of this type is to redress violations of the Clean Water Act and prevent future such violations from occurring.  As described below, some provisions of this consent judgment appear to duplicate other existing legal requirements or rights, although other provisions do appear to have some independent substance.  The relief afforded by this consent judgment is rather modest given existing legal requirements, and especially when compared with the substantial award of attorney's fees provided for in this instrument.  We analyze the consent judgment's provisions below so the court can consider this information in determining whether the consent judgment should be entered.

We first review the injunctive provisions of the consent judgment, and then the proposed supplemental environmental projects (SEPs).

A. Injunctive relief. Proposed consent judgments submitted by citizen groups typically include provisions directed at preventing future violations. Very often, those provisions include specific, detailed measures to be taken to ensure that violations do not recur. This consent judgment does not contain such provisions. Instead, it provides for three types of relief: "information sharing," a "compliance audit," and "site visits."

1. *Information sharing provisions*. The proposed consent judgment contains three information sharing provisions. The first such provision, "Constituent Testing," and the third, "Compliance Documentation," provide for defendant to provide plaintiff with copies of certain materials furnished to government agencies. These data are already publicly available, so this provision has little additional benefit, other than as a modest convenience for the plaintiffs.

The remaining information sharing provision is captioned "Monitoring Wells." Under this provision, defendant has two options. Defendant may elect to provide data related to some existing monitoring wells. In the alternative, defendant is to complete a study relating to improved monitoring of groundwater "under the specific guidance of the San Francisco Bay Regional Water Quality Control Board." That Board is not a party to this action, and thus is not bound to undertake any actions under this provision. However, Defendant informs us that such a study is already likely to be required by the terms of a forthcoming permit. Thus, this provision does little more than confirm a requirement that is likely to be applicable to defendant's facility for other reasons.

2. *Compliance audit*. The proposed consent judgment also provides for compliance auditing. Defendant has two options under this provision. Under the first option, defendant is to commission periodic compliance audits by an independent auditor over a three-year period. Under the second option, defendant is to obtain ISO 14001 certification, a process that entails third-party compliance auditing and corrective and/or preventative actions "based on the audit findings." Again, defendant informs us that ISO 14001 certification is likely to be required under the terms of a forthcoming solid waste facility permit. Thus, this provision again does little more than confirm an otherwise applicable requirement.

3. *Site visits*. The proposed consent judgment also provides for two annual site visits and the right for the plaintiff to obtain split stormwater samples for two years. We note that such samples could not be the basis of a future lawsuit, as Section H(2) of the agreement restricts further suits by plaintiff for a five-year period. However, any discrepancies in sampling could presumably be brought to the attention of the San Francisco Bay Regional Water Quality Control Board.

B. Supplemental Environmental Projects (SEPs). SEPs are a common provision in proposed consent judgments in citizen suits. Such projects are actions taken by the defendant that are in addition to what is required to comply with environmental laws, and are aimed at benefitting public health or the environment. The proposed consent decree provides for a "surface water sampling" study and an "improved stormwater BMPs" study.

1. *Surface Water Sampling Study*. The proposed consent judgement requires the defendant to fund a study to "determine the feasability of conducting supplemental surface water sampling and analyses." Discharge point sampling is already required by the site permits. The objective of this study is to determine whether it would be feasible to also sample receiving

waters to monitor defendant's discharges, or whether tidal action in the area would render it infeasible to derive useful information from such sampling.

    2. *Improved Stormwater BMPs.* The proposed consent judgment also provides for defendant to fund a study to determine "the most effective and economical means for treating and/or managing stormwater . . . discharged . . . to adjacent waters via [defendant's] stormwater system." First, we note that this provision might be better characterized as injunctive relief than as a supplemental environmental project. To the extent that additional BMPs would be appropriate, they may already be required by the terms of defendant's stormwater permit, which requires them to implement and maintain BMPs.

    Second, this provision is broadly drafted, making it difficult to determine what types of measures the parties contemplated would be covered by the study. Counsel for the parties provided a number of illustrative examples, including planting vegetation in channels, bioswales, installing drop inlets, and addressing potential sources of ammonia on the site. The exact measures to be studied are not yet determined, but this provides some additional clarity as to the function of this provision.

    The United States affirms for the record that it is not bound by this settlement. See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc., 484 U.S. 49, 60 (1987) (explaining that citizen suits are "intended to supplement rather than supplant governmental action); Sierra Club v. Electronic Controls Design, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. See 33 U.S.C. §1365(c)(3).

    We appreciate the attention of the Court. Please contact the undersigned at (202) 514-0750 if you have any questions.

                        Sincerely,

                        /s Justin Smith

                        _____
                        R. Justin Smith, Attorney
                        U.S. Department of Justice
                        Environment and Natural Resources Division
                        Law & Policy Section
                        P.O. Box 4390
                        Washington, D.C. 20044-4390

cc:    Jack Silver, Counsel for Plaintiff
        Joseph J. Bernhaut, Counsel for Plaintiff
        Eric M. McLaughlin, Counsel for Defendant
        John L. Smith, Counsel for Defendant

Case 3:07-cv-05058-WHA    Document 58    Filed 09/15/2008    Page 4 of 4